# Hubbard *v.* Russell.

*Contest of Exemption of Personal Property to Widow in Probate Court.*

1. *Widow's right of exemption; dissent from will not necessary to as-sertion of.*—Where a decedent leaves a last will and testament, by which he disposes of all his property, the widow is not required to dissent from the will, in order to become entitled to the exemption of personal prop-erty to the value of one thousand dollars provided by statute.

APPEAL from Coosa Probate Court.
Tried before Hon. Jno. S. Bentley.

[Hubbard v. Russell.]

This was a proceeding to have set apart to Catherine Hubbard, as widow of James H. Hubbard, deceased, personal property belonging to the estate of said decedent to the value of one thousand dollars, as exempt to her under the statute from administration. The exemption was contested by W. M. Russell, the executor, and by the legatees and devisees of the said James H. Hubbard, on the ground that the said decedent left a last will and testament, disposing of his entire estate, providing for a sale of his property, real and personal, giving to the widow, during her life or widowhood, one-half of the net proceeds, to be retained by the executor for her use, maintenance and support, and, at her death or marriage, to be equally distributed among his lawful heirs; that the widow had not dissented from the will, and that an allowance of the exemption would render it impossible for the executor to comply with the terms of the will. The probate court rendered a decree sustaining the contest, and refusing the exemption; and that decree is here made the basis of the assignments of error.

W. D. BULGER, for appellant.

L. E. PARSONS and F. L. SMITH, contra.

STONE, J.—The ruling of the probate court was, that inasmuch as Hubbard left a will, disposing of his entire estate, and therein made provision for his widow, she is not entitled to the exemptions provided by section 2825 of the Code of 1876, unless she first dissents from the will under section 2292. In this the probate court erred. Sections 2292–3 have reference to the widow's dower and distributive interest in her husband's estate, under sections 2233 and 2261 of the Code. In case there is a will making provision for her, she can not claim under these sections, unless she dissents from the will within the time prescribed by law.

Exemptions from debts, and from administration rest on entirely different principles. They can be claimed in all cases, where there is a surviving widow, or minor child or children. But if the estate be solvent, the one thousand dollars of personal property declared exempt under section 2825 of the Code, must be accounted for in distribution. The language of the statute is, "If the estate is solvent, such exemption of one thousand dollars additional shall be accounted for on final settlement, as a part of the distributive share of the widow, or child or children receiving the benefit thereof, or as a part of their legacy under the will, if there be a will disposing of the entire estate." This language unmistakably shows that the

right to the exemption exists, even when the estate is solvent, and when there is a will, disposing of the entire estate.

Reversed and remanded.