# Bell *v.* Bell.

*Contest on Claim of Homestead by Widow and Minor Children.*

1. *Homestead; right of widow and children; disposition of property by will.*—The right of the widow and minor children to the exemption of the homestead under § 2543, Code of 1886, providing for the exemption from administration of the homestead of any resident of the State, is not barred by the attempted disposition of the property by the decedent in his will.

APPEAL from Cleburne Probate Court.
Heard before Hon. BARTLETT OWEN.

AIKEN & BURTON, for appellant.

KELLY & SMITH, *contra.*

SOMERVILLE, J.—In *Hubbard v. Russell*, 73 Ala. 578, it was decided that where a decedent leaves a will by which he disposes of his entire property, providing for the widow by making her a devisee under the terms of the instrument,

[Thompson, Guardian, v. Hartline.]

she could claim her exemptions of personal property provided for by statute without being first required to dissent from the will. In that case, the testator had directed the property, real and personal, to be sold, giving the widow, during her life or widowhood, one half interest in the net proceeds, to be retained in trust by the executor for her use, with remainder to the testator's lawful heirs. The same principle, in our opinion, applies to the claim of exemption by the widow to the homestead owned and occupied by the decedent at the time of his death. The homestead declared to be exempt is not that of one dying intestate, but the homestead of "any resident" of this State—thus including decedents both testate and intestate. It is not only exempted from the payment of debts contracted since the 23d of April, 1873, but is declared expressly to be "exempted from administration." The effect of the statute is to take the homestead out of the operation of the will, during the life of the widow and minority of the child or children, for the purpose and to the extent declared in the statute.—Code, 1886, §§ 2543, 2507; *Jarrell v. Payne*, 75 Ala. 577; *Coffee v. Joseph*, 74 Ala. 271.

The attempted disposition of the property, therefore, by the testator in his will can not bar the widow and minor children of the statutory right of exemption. There is no room for the operation of an equitable estoppel in such a case, at least in the Probate or Circuit Court, where issues arising out of the contest relating to homestead rights are authorized to be tried.

Whether a testator could lawfully provide a legacy, or devise, which should vest only on condition of a waiver of all exemption rights, in any mode, is a question not now before us for decision.

The judgment of the Probate Court, in view of these principles, is free from error, and must be affirmed.