# Metcalf v. Smith.

*Contest of Claim of Homestead Exemption.*

1. *Homestead exemption; abandonment.*—The fact that the owner of a homestead, who was engaged in a business which required his absence from home for from one to three weeks at a time, rented out the tillable lands adjacent to his house for a year, and allowed the father of the tenant to occupy one room in the house, does not constitute an abandonment of the homestead, when it is shown that the owner kept his bed and other household furniture at his said house, and when he would return from his business, he would remain a week or longer, and would eat and sleep there.

[Metcalf v. Smith.]

APPEAL from the Circuit Court of Geneva.

Tried before the Hon. JOHN R. TYSON.

This was a contest of a claim of exemptions, which was instituted as follows : At the fall term, 1893, of the circuit court of Geneva county, M. L. Metcalf recovered a judgment against W. W. Smith, which was recorded in the office of the judge of probate for said county. Upon said judgment an execution was issued on June 15, 1894, and levied by the sheriff upon certain described lands, owned by the said W. W. Smith. On July 2, 1894, W. W. Smith filed his claim of exemptions with the sheriff to the lands levied upon, together with other personal property. The plaintiff in execution instituted a contest of this claim, by affidavit; and upon the trial of this contest, the plaintiff introduced as a witness one Jackson who testified that he rented the cleared part of the land in controversy, except the dwelling-house and the garden from the defendant; that by the permission of the defendant, the father of the witness, Jackson, occupied a room in said dwelling-house, during the year 1894, and up to the day of trial. This witness further testified that the defendant Smith was an unmarried man, and was engaged in the logging business, that he would be away from the land in controversy some times two or three weeks, and would then return and stay a week or ten days; that when he returned he occupied a room in his house and ate and slept there, but that he neither worked nor cultivated any portion of the premises; and that in the year 1893 he rented out his land and occupied the dwelling-house by himself.

Upon this evidence, the court, at the request of the defendant, gave the general affirmative charge in his behalf, and to the giving of this charge the plaintiff duly excepted. There was judgment for the defendant. Plaintiff appeals, and assigns as error the giving of the general affirmative charge at the request of the defendant.

M. E. MILLIGAN, for appellant, cited Code of 1886, § 2843 ; *Scaife v. Argall,* 74 Ala. 474 ; *Murphy v. Hunt,* 75 Ala. 439; *Garrett & Sons v. Jones,* 95 Ala. 96 ; *Boyle v. Shulman,* 59 Ala. 566.

J. J. MORRIS, *contra.*—The character of the house, the location, the intention of appellee, and the business in

which he was engaged, should be taken into considera-
tion to ascertain whether or not he intended or did aban-
don his homestead.—*Garrett & Sons v. Jones*, 89 Ala. 96.
A temporary absence from a homestead is no abandon-
ment.—*Caldwell v. Pollock*, 91 Ala. 353 ; *Fuller v. Whit-
lock*, 99 Ala. 411.


HARALSON, J.—The evidence in the case is without
any conflict.   It is not denied that the land levied on was
the homestead of defendant up to the year 1894, and the
only claim that plaintiff makes to maintain the levy
against defendant's claim of exemption is, that he aban-
doned his homestead in 1894.   The facts do not support the
contention, but do show that during that year, the de-
fendant occupied the dwelling as his home.   The fact
that he rented out the cultivatable lands, and allowed
the father of his tenant, Mr. Jackson, to occupy, free of
rent, one of the rooms in the house, and that defendant
was engaged in the logging business, which carried him
at times away from home, for a week or ten days at a
time, when he would return to his house, where he kept
his bed and other household goods, and ate and slept, do
not, separately, or all together, show that defendant ever
abandoned his home.—*Fuller v. Whitlock*, 99 Ala. 411 ;
*Garrett v. Jones*, 95 Ala. 96; *Pollak v. Caldwell*, 94 Ala.
151; *Scaife v. Argall*, 74 Ala. 474.
There was no error in giving the general charge for
the defendant.
Affirmed.