# Clark, et al. v. Bird.

Bill for Specific Performance, and to Enjoin Ejectment Suit.

(Decided Dec. 17, 1908.   Rehearing denied Feb. 5. 1909.
48 South. 359.)

1. Specific Performance; Contracts Enforceable; Bond for Sale of Homestead Not Signed by Wife.—A bond for title given by the husband for a conveyance of a part of his homestead, not signed and separately acknowledged by the wife as required by section 4161, Code 1907, is void as an obligation to convey, and its specific performance cannot be enforced.

[Clark, et al. v. Bird.]

*2. Estoppel; By Deed.*—A bond for title executed by the husband for the conveyance of part of the homestead, not signed and separately acknowledged by the wife, does not operate as an estoppel against the husband, though the purchaser has paid him a valuable consideration therefor, and made valuable improvements therein, since such a bond is a nullity for all purposes.

*3. Homestead; Abandonment; Renting Part.*—The renting of part of the homestead, the owner continuing to reside on the other portion, does not operate as an abandonment of the homestead, or affect its character.

*4. Same; Transfer by Void Conveyance; Recovery; Conditions Precedent.*—Where a contract for the sale of a homestead is void because not signed and separately acknowledged by the wife, the refunding of the price paid thereon will not be required as a condition precedent to the recovery of the homestead, as that would be tantamount to creating a lien or encumbrance thereon.

*5. Same; Payment for Improvements.*—Where improvements have have been made by the purchaser holding under a void contract to convey a part of the homestead, because of the want of signature and separate acknowledgment of the wife, the court will not fasten a lien on the homestead for improvements made by the purchaser in possession, as a condition precedent to a recovery of the homestead by the husband, on the theory of an equitable estoppel growing out of the owner's acquiesence.

APPEAL from Limestone Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Charles Byrd against John A Clark and others to enjoin an ejectment suit and to enforce a contract. The contract sought to be enforced was as follows: "Know all men by these presents, that I, J. A. Clark, as principal, am held and firmly bound to Charles Bird in the penal sum of $500, for payment of which, well and truly to be made, I bind myself, my heirs, executors, and administrators by these presents. Signed and sealed by me this the 4th day of November( 1899. The condition of this obligation is such that, whereas, said J. A. Clark has bargained and sold to the said Charles Bird, to wit, certain tracts of land as follows: N. ½ of W. ½ of S. W. ¼ of Sec. 31, T. 3, R. 4 W.,for the sum of $500, payable in five notes, with interest after maturity. If said J. A. Clark shall by deed alien and convey to the said Charles Bird the land above described in fee simple,

with general warranty, then this obligation to be null and void; otherwise, to remain in full force and effect." Then follows the five notes executed by Bird to Clark. Motion to dismiss the bill and demurrers thereto were overruled. The facts briefly stated are that the contract to sell was of land constituting a part of the homestead, and that the wife of the party contracted to sell had full knowledge of the contract, though she did not sign it; the payment by the purchaser of four-fifths of the purchase money, and the erection of valuable improvements thereon. Ejectment for the land by Clark against Byrd, and this bill by Byrd to enjoin the ejectment suit, and for other proper relief.

W. R. WALKER, for appellant. An agreement to convey homestead signed by husband alone will not be specifically enforced, even though complainant be willing to accept from the husband alone.—*Morris v. McClain*, 82 Ala. 370; 15 Am. & Eng. Ency. Law, (2d Ed.) 670 *et seq*, and notes; *Donner v. Redenbaugh*, 16 N. W. Rep. 127. An attempted alienation of homestead, in the actual occupancy of owner, by husband without voluntary signature and assent of wife is void.—Const. of 1901, sec. 205; Code, sec. 2034; *Marx v. Threat*, 131 Ala. 345; *Daniels v. Lowery*, 92 Ala. 519; *DeGriffenreid v. Clark*, 75 Ala. 425; *Smith v. Pearce*, 85 Ala. 264; *Halso v. Seawright*, 65 Ala. 431; *Henderson v. Kirkland*, 127 Ala. 185; *Miller v. Marx*, 55 Ala. 322, 336; *Cox v. Holcomb*, 87 Ala. 589.

Contract for sale of land will not be specifically enforced when the wife refuses to join in deed.—*Bank's Appeal*, 15 Am. Rep. 587; *Graybill v. Brough*, 37 Am. St. Rep. 894; Pom. Spec. Perf. (2d Ed.) §§ 460-2; *Springle v. Shilds*, 17 Ala. 295. Where party purchases lands, knowing that they are a part of the homestead, he cannot

recover money paid under such contract for the purchase when the wife did not join in the conveyance in accordance with statutes.—*Thimes v. Stumpff,* 5 Pac. Rep. 431; *Hodges v. Farnham,* 31 Pac. Rep. 606; *Weitzner v. Thingstad,* 56 N. W. Rep. 817. The statute of limitations runs against the wife in favor of a purchaser of the homestead from the husband, even though she does not join in the conveyance.—*Boling v. Clark,* 50 N. W. Rep. 57. An executory agreement to convey the homestead, with or without the voluntary signature of the wife is still null and inoperative.—*Moses v. McClain,* 82 Ala. 370; *Striplin v. Cooper,* 80 Ala. 256; *Halso v. Seawright,* 65 Ala. 431; *Hayes v. Sou. B. & L. Assn.,* 124 Ala. 664; *McGuire v. VanPelt,* 55 Ala. 344; *Jenkins v. Harrison,* 66 Ala. 345, 361; *Crims v. Harrison,* 78 Ala. 608; *Waddell v. Weaver,* 42 Ala. 293; *Cox v. Holcomb,* 87 Ala. 589; 75 Ala. 397; *Butts v. Broughton,* 72 Ala. 294; *Griffin v. Schussler v. Dudley,* 80 Ala. 552; *Garner v. Moore,* Ala. 370; *Burrows v. Pickens,* 129 Ala. 648; *Henderson v. Kirkland,* 127 Ala. 185; *Lyon v. Hardin,* 129 Ala. 643; *Sloppy v. Haffens,* 137 Ala. 199; *Shook v. B. & L. Ass.,* 140 Ala. 575; *Lester v. Johnston,* 137 Ala. 194; *Burrows v. Pickens,* 129 Ala. 648; *Alford v. Lehman,* 76 Ala. 526. Right to specific performance depends upon existence of those elements, conditions, and incidents, which equity regards as essential to administration of all of its peculiar modes of relief.—Pom. Eq. Juris. § 1404 and note; § 1405; *Bogan v. Daughrill,* 51 Ala. 312, 314; *Wikle v. McGraw,* 91 Ala. 631. When specific performance cannot be had equity will not decree damages when complainant was aware specific performance could not be had at time of filing bill.—Pom. Eq. Juris. § 1400; *Harrison v. Deramus,* 33 Ala. 463; *Hatch v. Cobb,* 4 John. Chy. 559, 1 N. Y. Chy. L. Ed. 936; *Kempball v. Stone,*

5 John. Chy. 193, 1 N. Y. Chy. L. Ed. 1054. When a party places improvements on land knowing the title thereto is in dispute, he is not entitled to pay therefor.— *Andrews v. Melton,* 51 Ala. 400; *Horton v. Sledge,* 29 Ala. 487. In bills for specific performance complainant's case must be clearly made out, in harmonious pleadings and proof to entitle him to relief.—*Westbrook v. Haynes,* 137 Ala. 572; *Brown v. Weaver,* 113 Ala. 238; *Bogan v. Daughdrill,* 51 Ala. 312; *Allen v. Young,* 88 Ala. 340.

A contract which is void, cannot, in absence of fraud, be made effectual as an estopped.—21 Cyc. 549; 11 A. & E. (2d Ed.) 423; 57 Am. St. Rep. 180, and note; *Durkee v. People,* 46 Am. St. Rep. 340; *Curry v. Mfg. Co.,* 107 Ala. 429, 437; *Hardee v. Darwin,* 77 Ala. 472, 481; *Wilder v. Wilder,* 89 Ala. 414; *Warkins v. Watson,* 21 S. W. 636; *Vansaudt v. Weir,* 109 Ala. 104; *Blythe v. Dargin,* 68 Ala. 370, 377; *Boylestone v. Farrior,* 64 Ala. 564; *Jackson, v. Knox,* 119 Ala. 320.

W. T. SANDERS, for appellee. Leasing the homestead under section 2065, Code 1896, without having first filed a declaration of a claim of exemptions, constitutes an abandonment of the homestead.—132 Ala. 613; 124 Ala. 296; 122 Ala. 557; 107 Ala. 465; 106 Ala. 458; 99 Ala. 411; 94 Ala. 149; 83 Ala. 124; 79 Ala. 112. Under the facts in this case, it is one for the application of the doctrine of estoppel unless the whole doctrine is to be blotted out of our system of jurisprudence.—*A. G. S. R. Co. v. S. & N. R. R. Co.,* 84 Ala. 580; 11 Ency of Law, 428; *Hobbs v. N. C. & St. L. Ry.,* 122 Ala. 609; *Cowan v. Southern Ry. Co.,* 118 Ala. 554; *S. & N. A. R. R. Co., v. A. G. S. R. R. Co.,* 102 Ala 236; *Pollard v. Maddox,* 28 Ala. 321; *N. O. & S. R. R. Co. v. Jones,* 68 Ala. 49. Equity may charge the land with the purchase money

and the value of improvements.—*Powell v. Higdon,* 90
Ala. 103; *Adey v. Echols,* 18 Ala. 355; *Allen v. Young,*
88 Ala. 239; *Hobbs v. N. C. & St. L. supra;* 19 Ala. 398;
44 Am. St. Rep. 193; 16 Ency of Law, 96-7; 26 Ib. 85.
Partial specific performance may be decreed and in-
coate dower provided for.—*Springles Case,* 17 Ala. 295;
*Thrasher's Case,* 23 Ala. 619; *Roger's Case,* 40 Ala. 442;
86 Am. St. Rep. 829 and notes; Note to 24 L. R. A. p.
765.

　ANDERSON, J.—The 40 acres in controversy was at
the time of the attempted sale a part of the homestead,
and the bond executed by John A. Clark, not being sign-
ed and separately acknowledged by his wife, was void as
an obligation to convey, and was not the subject of a
specific enforcement.—*Moses v. McCain,* 82 Ala. 370,
2 South. 741; *McGhee v. Wilson,* 111 Ala. 619, 20 South.
619, 56 Am. St. Rep. 72. Nor does a conveyance of the
homestead which does not conform to the statute (sec-
tion 4161 of the Code of 1907) operate as an estopped
against the husband, notwithstanding he has been paid a
valuable consideration. It is simply void—a nullity to
all intents and purposes.—*Halso v. Seawright,* 65 Ala.
431; *Alford v. Lehman,* 76 Ala. 526; *Crim v. Nelms,* 78
Ala. 604. The renting of these 40 acres, which was a
part of the homestead, the owner at the time residing
on the other portion, did not operate as an abandon-
ment or affect its character as a homestead.—*Bailey v.
Dunlap,* 138 Ala. 415, 35 South. 451; *Metcalf v. Smith,*
106 Ala. 301, 17 South. 537. The chancellor therefore
properly decreed that the contract was a nullity and not
the subject of a specific performance.

The Constitution of 1901 (section 205) expressly ex-
empts the homestead from the payment of any debt, ex-
cept by a mortgage or other alienation, with the volun-

tary assent and signature of the wife; and section 4161 of the Code of 1907, provides the method of giving the assent. The only exception made for binding the homestead for a debt except as specially provided for, is under section 207 of the Constitution, in favor of laborers' and mechanics' liens. To require the refunding of the purchase money, paid under a void contract of purchase, as a condition precedent to the recovery of the homestead, would be but the fastening of a lien or incumbrance on the same, directly in the teeth of the Constitution, thus creating upon the homestead, by way of estoppel, a charge or lien, which could not be placed thereupon by the direct and voluntary act of the owner, except in the manner and form required by the Constitution and statute. Nor can we understand how a court of equity can fasten a lien on the homestead for improvements, made by one in possession under a void contract of purchase, upon the theory of an equitable estoppel, thus doing, through the machinery of a court indirectly, what the parties could not have done directly, except in a certain manner. The chancery court cannot fasten a lien on the homestead, growing out of the acquiescence by the owner, upon the idea that it amounts to an implied obligation to pay for the improvements, when an express promise and obligation to do so could not operate as a charge, unless made in the manner and form prescribed by law, or unless it was for labor and material, and even in that event a compliance with the statute would be essential to the enforcement of same.

We, of course, have decisions where the court has required the repayment of the purchase money as a condition precedent to a recovery of land; but they did not involve the homestead. So. too. are owners of land required, under certain conditions, to pay for improvements as a condition precedent to an eviction of an

adverse holder, and we have a statute on the subject.
—Section 3846 of the Code of 1907. Whether or not
this section would apply to suits for the homestead we
need not decide, since the complainant in the case at
bar it not an adverse holder, not having paid all the
purchase money. On the other hand, if he was, he
could get the benefit of the statute in the pending ac-
tion of ejectment.

The case of *Cowan v. Southern R. R.*, 118 Ala. 554,
23 South. 754, and which is relied upon by counsel, is
no authority estopping the plaintiff (Clark) from re-
covering his homestead, because of the erection by Bird,
with the knowledge of Clark, of improvements, until
first paying for said improvements. It is true the *Cowan
Case, supra,* lays down the general rule of an estoppel
from evicting a railroad whose track was laid with the
knowledge of the owner, and cites authorities on the
subject. But the homestead was not involved in a sin-
gle case cited, and while the land in said *Cowan Case,
supra,* was the homestead, what was said as to the estop-
pel was not decisive of the case. There was no attempt
to evict the railroad, as the bill simply sought compen-
sation for the right of way and that the company be
enjoined from using the same until complainant was
compensated under the Constitution and statutes per-
taining to the exercise of the right of eminent domain.
Moreover, we can see how the doctrine of estoppel might
be invoked against the eviction of a railroad going over
the homestead, and yet not have any application to prop-
erty not condemned or taken under the doctrine of emi-
nent domain. The Constitution makes provision for
taking property for certain purposes, whether it be the
homestead or not, by compensating the owner, and which
can be done independent of obtaining a conveyance.
Yet when a conveyance is relied upon, instead of con-

demnation procedings, the conveyance to the right of way, if over the homestead, is null and void, unless it is separately acknowledged by the wife.—*McGhee v. Wilson*, 111 Ala. 619, 20 South. 619, 56 Am. St. Rep. 72. But whether or not the doctrine of estoppel can be invoked in these railroad cases, as against the homestead, we need not decide, as it would have no bearing upon the case at bar, there being no railroad or right of condemnation involved. Nor should what we here say bear upon the railroad cases, as none of them involved the homestead, except the *Cowan Case, supra*, and we have attempted to demonstrate that it is not an authority in support of the estoppel set up in the case at bar.

While we hold that the bond of John A. Clark is void as an obligation to convey the homestead, we do not wish to intimate that he would not be personally liable for a breach of same.

The chancellor erred in not dismissing the bill of complaint, and the decree is reversed, and one is here rendered dismissing same.

Reversed and rendered.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.