# Lake *v.* Russell, *et al.*

*Bill to Declare Descent and Distribution.*

(Decided January 17, 1913.  60 South. 850.)

1. *Descent and Distribution; Persons Entitled; Surviving Husband.* —Construing sections 3754, 3763 and 3765, Code 1907, it is held that on the death of a wife, leaving a separate estate comprising both real and personal property, the husband took it all, to the exclusion of her maternal uncle, her only next of kin.

2. *Same; Wife's Separate Estate; Husband and Wife.*—The provisions of section 3758, Code 1907, are without application to husband and wife, and hence do not entitle the maternal uncle of the wife to a part of the wife's estate as against the surviving husband, although the property came to the wife through her mother.

APPEAL from Barbour Chancery Court.
Heard before Hon. L. D. GARDNER.

Bill by Henry B. Lake against D. L. Russell and others to declare complainant as an heir of the dead wife entitled to one-half of her personal estate, and to all of her real estate after the termination of the hus-

band's life interest, to the exclusion of the husband. From a decree sustaining demurrer to the bill, complainant appeals. Affirmed.

MARTIN WITTE and THOMAS & MCDOWELL, for appellant. The estate left by the wife was a separate estate and the husband gets only half the personalty and the use of the realty during his life.—Section 3765, Code 1907. He takes nothing under sub-division 6, section 3754, Code 1907, since under that section he can only inherit the equitable estate.—Clay's Digest, 168, 191; *Marshall v. Crow*, 29 Ala. 217; *Thompson v. Thompson*, 107 Ala. 183; *Nicrosi v. Phillipi*, 91 Ala. 307; 54 N. H. 226; 17 Conn. 201; 28 Vt. 765; 44 Ill. 446; *Hardee v. Bean*, 29 Ala. 169; *Dake v. Sewell*, 145 Ala. 584; *Hayes v. Lemoine*, 156 Ala. 465; *Fies v. Rosser*, 162 Ala. 504; *Gimbrell v. Patton*, 70 Ala. 626; *Connolly v. Mahoney*, 103 Ala. 572. The estate left was an ancestral estate coming to the wife by gift, devise, or descent from her mother and the husband is excluded by section 3758, Code 1907, from inheriting under section 3754, Code 1907.—27 A. & E. Enc'y of Law, 299, 304; *Cox v. Clark*, 93 Ala. 400; 21 Mich. 229; 22 Mo. 261; 28 Wisc. 90; 69 Ark. 339. Lake is of the blood and related in the third degree.—27 A. & E. Enc'y of Law, 310. The husband is not related by consanguinity or affinity.—*Kirby v. State*, 89 Ala. 69; 1 A. & E. Enc'y of Law, 911 and cases cited.

G. L. COMER, for appellee. Under our statute of descent and distribution the husband was entitled to all the estate of the wife she leaving no next of kin nearer than an uncle on the maternal side.—Subd. 6, section 3754, Code 1907; *Fies v. Rosser*, 162 Ala. 504. Counsel discuss the various sections of the Code and

insist that the whole of the estate, as used in sub-division 6, applies both to the separate and to the equitable estate of married women and that under such sub-division of section 3754, Code 1907, as applied to the facts in this case the husband inherits the entire estate to the exclusion of the next of kin notwithstanding the estate came from the maternal side of the wife.—*Fies v. Rosser, supra; Nicrosi v. Phillipi,* 91 Ala. 299; *Mueller v. Mueller,* 127 Ala. 356; *Guice v. Guice,* 150 Ala. 552.

SOMERVILLE, J.—The bill of complaint shows that Sarah S. Russell died, intestate, in October, 1911; that she was a resident of Barbour county, Ala.; that she left real and personal property, all of which came to her by descent, devise, or gift from her mother; that she was survived by her husband, D. L. Russell, who is the administrator of her estate; and that Henry B. Lake, her maternal uncle, is her next of kin—there being no other relative of his class and degree.

The bill is filed by said Lake, the maternal uncle of intestate, against said Russell, her surviving husband, and seeks a decree declaring complainant entitled, as heir, to one-half of intestate's personal estate, and to all of her real estate after the termination of respondent's life interest, to the exclusion of respondent.

Respondent demurred to the bill, on the grounds that it is without equity, and that it shows on its face that complainant has no interest in intestate's estate; and the chancellor sustained the demurrer.

Section 3765, Code 1907, is: "If a married woman having a separate estate die intestate, leaving a husband living, he is entitled to one-half of the personalty of such separate estate absolutely; and to the use of the realty during his life."

Section 3754, Code of 1907, is: "The real estate of persons dying intestate as to such estate descends, subject to the payment of debts, charges against the estate, and the widow's dower, as follows:  *  *  *  (6) If there are no children or their descendants, no father or mother, and no brothers or sisters or their descendants, then the whole to the husband or wife of the intestate. (7) If there are no children or their descendants, no father or mother, no brothers or sisters or their descendants, and no husband or wife, then to the next of kin to the intestate, in equal degree, in equal parts."

Section 3763, Code 1907, subjects personal estate to the same rules of descent as real estate, with certain exceptions in favor of the widow, which are not here material.

Complainant's theory is that, as section 3765 makes provision for the husband's distributive interest in the intestate wife's separate estate, it must be regarded as an *exclusive* provision with respect to her *separate estate;* and hence the only consistent field of opinion for subdivision 6 of section 3754 is upon her equitable estate—i. e., any estate that may be vested for her use in an active trustee—and that under subdivision 6 the husband will take as heir only her *equitable* estate, the descent as to her separate estate in remainder overleaping subdivision 6 and vesting in the next of kin, under sub-division 7.

This conception of the meaning and effect of section 3754 is violative of its plain language, and is radically unsound. It is not necessary to enter into any learned discussion of the general subject, nor to trace the history and evolution of the respective statutes. Section 3765 is clearly designed as a statutory substitute for the common-law curtesy of the husband. Its purpose was to give the husband priority in the ownership of his

intestate wife's separate estate, to the extent declared, as against any and all persons entitled to claim as heirs under the general statutes of descent. Section 3754 is but the residuary clause of the general legislative testament. It disposes of *the whole* estate not otherwise disposed of by special laws, and operates equally upon legal and equitable estates. If there be a husband, who is entitled as such to take a limited interest under section 3765, it gives the entire residuum of the estate to the children, the brothers and sisters, or the parents of the intestate, in preference to the husband *as an heir*. But, if there are none of those preferred classes, it gives the entire residuum to the husband *as heir*, in preference to any other relatives.

Prior to the Code of 1896, any kindred, however remote, were preferred *as heirs* over husband and wife, in accordance with the doctrines of the common law. The statute of descent, as then amended, evinced an unmistakable legislative purpose to prefer husband or wife as heir over such remoter kindred. Indeed, language could not be plainer nor purpose clearer; for the express condition *upon which alone* these unpreferred next of kin may take as heirs is that there be "no husband or wife." If there be husband or wife, the statute simply does not reach "the next of kin," and subdivision 7 remains functus officio by its own specific proviso.

We are unable to discover even the shadow of conflict or inconsistency between these statutes. On the contrary, they co-operate perfectly in the accomplishment of a manifest legislative intention, viz., the partial preference of the husband over all kindred, and his absolute preference over some of them.

Complainant insists, however, that he is, in any event, entitled to the estate as against the husband, under section 3758, Code 1907, because the estate is an ances-

tral estate devised from intestate's mother. Section 3758 is: "There is no distinction between the whole and the half blood in the same degree, unless the inheritance came to the intestate by gift, devise or descent from or of some one of his ancestors, in which case all those who are not of the blood of such ancestor are excluded from the inheritance as against those of the same degree."

It is sufficiently obvious, without the aid of argument or commentary, that this statute applies only to the next of kin, and only to those of the same class; and its application to husband or wife is morally, as well as physically, impossible.

The demurrer to the bill was properly sustained, and the decree of the chancellor will be affirmed.

Affirmed.

DOWDELL, C. J., and MCCLELLAN and SAYRE, JJ., concur.