# Edmonds, *et al. v.* Cogsdill.

*Bill to Quiet Title and for Partition.*

(Decided June 6, 1913.   62 South. 691.)

1. *Equity; Original Bill; Multifariousness.*—Where the bill originally filed was for partition of land held by tenants in common, an amendment joining other respondents, and asking that title be quieted as to them, rendered the bill multifarious.

2. *Same; Waiver of Objections.*—Where the respondents did not object on the ground of multifariousness, but merely contested the bill as a bill to quiet title, the objection of multifariousness was waived, and the bill will be treated as one to quiet title or remove a cloud.

3. *Quieting Title; Possession; Right of Action.*—It is essential to a bill to quiet title or cancel a cloud that the party filing the bill be in possesion of the lands, and a failure to so allege renders the bill defective; and where the evidence shows that respondents were in possession, the bill cannot be maintained.

4. *Homestead; Surviving Widow; Devise.*—A will attempting to limit the widow of the testator to a life estate in the homestead, and personal property allowed her as exempt by statute is void and of no effect.

5. *Same; Waiver.*—The fact that the widow actively participated in proceedings to probate a will, or that she failed to dissent from it in writing does not have the effect to avoid the operation of the statute vesting the exempted property in her absolutely.

APPEAL from DeKalb Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Mollie Cogsdill against Hattie Rogers, Pallie Edmonds, and others. Decree for complainant, and respondent Pallie Edmonds and others appeal. Affirmed in part, and reversed and remanded in part.

The original bill was filed by Mollie Cogsdill against Hattie Rogers, averring their common tenancy of certain lands not capable of a fair division without a sale, and praying for such a sale. By amendment the appellants Pallie Edmonds and others, three in number, were mere parties respondent to the bill, with the added averment that they claimed some right, title, or interest in a certain tract of land (added by the amendment for the division along with the original tract) by virtue of the will executed by John Edmonds; that John Edmonds owned this added tract, and occupied it as a homestead with his wife, Mary Edmonds, it being not more than 160 acres in extent and of value less than $2,000, and being all the land owned by him at the time of his death; that he died after December 13, 1892, and before May 1, 1908, leaving surviving him his said wife and no minor children, and that said widow is now deceased, and that complainant and respondent Hattie Rogers are her only heirs. The added prayer of the bill

is that the will of John Edmonds be canceled, and that all the land described in the amended bill be sold for division between the complainant and the original respondent, Hattie Rogers. The bill calls upon the three new respondents to bring said will into court that it may be made subject to a decree in this case. These respondents demurred to the amended bill, assigning numerous grounds which were overruled. They then filed answer making it also a cross-bill, and praying for a decree of title in their favor against Mollie Cogsdill and Hattie Rogers, and for other relief. Complainant demurred to the cross-bill, and the demurrer was sustained, and on final hearing a decree was rendered granting the relief prayed for, and from this decree and decrees on demurrers to the bill and cross-bill this appeal is prosecuted.

The codicil to the will referred to is as follows: "And I, John G. Edmonds of the above for the purpose of overcoming all constitutional and statutory variance in the writing of this instrument is by me John G. Edmonds repudiated and renounced by me, it being my true intention and the only meaning of this instrument of writing to subject all of my property real and personal to the use and comfort of my beloved wife Mary E. Edmonds during her life, and at my wife's death then all of the above property described not used for the use and comfort of my beloved wife is then the property of my beloved granddaughters above mentioned, and only for them and their use and comfort, and I, John G. Edmonds declare all other claims void, and I do revoke any and all premises I may have made except these written on the 11th day of February, 1899, and I have called witnesses to the fact that none of the above declarations shall ever be departed from either by law or equity, and I denounce all laws, and decrees which may hereafter

dissolve these rights and titles to the property of John G. Edmonds."

J. S. Franklin, for appellant. Treated as a bill to quiet title it is defective for failing to allege actual or constructive possession in complainant; if treated as a bill to remove a cloud, it is subject to the same defect.— *Merritt v. Ala. P. Co.,* 40 South. 1028; *Crooker v. White,* 50 South. 227; *White v. Cotner,* 54 South. 114. The widow may lose her right of homestead by inaction or waiver.—15 A. & E. Enc. of Law 638; *Vaughn v. Montgomery,* 67 Ala. 573; *Henderson v. Tucker,* 70 Ala. 384; *Snedicor v. Freeman,* 71 Ala. 145. By permitting the will to be probated and not dissenting therefrom in writing, the widow gave full force and effect to the will not only as to its validity, but as a muniment of title, and cannot now be heard to say that her title is not to be determined by the will.—*Brock v. Frank,* 51 Ala. 89; *Baker v. Chastang,* 18 Ala. 417; *Banks v. Sherrod,* 52 Ala. 272.

Isbell & Scott, for appellee. The attempt of the testator to devise exempt property was abortive and void. —*Bell v. Bell,* 84 Ala. 64; *Brooks v. John,* 119 Ala. 412; *Hubbard v. Russell,* 73 Ala. 578. The law intervened and vested the title to the exemptions in the widow.— *Garland v. Bostick,* 23 South. 689; *Jackson v. Wilson,* 23 South. 521; *Quinn v. Campbell,* 126 Ala. 280. By failing to object to the multifariousness of the bill it is waived and the bill will be treated as one for sale of land for division, under section 4321, Code 1907.

SOMERVILLE, J.—As amended, the bill of complaint was clearly multifarious. It denied any rights in appellants to share in the division of the land as ten-

ants in common with the original parties, and brought them in solely for the purpose of quieting or canceling their claim of title under the will of John Edmonds, and hence would have been subject to demurrer on the ground stated.—*Brown v. Feagin,* 174 Ala. '438, 57 South. 20.

Appellants, however, waived that objection by not assigning it, and chose to contest the bill as one to quiet title or cancel a cloud. Such alone is its character as to them, and so must it be treated by the court.

Thus viewed, it is plainly deficient in not alleging that complainant is in possession of any of the lands in question. This defect is pointed out by the sixth ground of demurrer, which should have been sustained.

The other grounds of demurrer to the amended bill are palpably without merit.

As the evidence shows without dispute that appellants have severally the actual possession of the homestead tract, which is fatal to complainant's right to maintain this suit against them, we deem it unnecessary to discuss or determine in detail the other questions raised by the assignments of error further than to say that the allegations of the cross-bill are not sufficient to entitle cross-complainants to the relief sought, and the demurrer to it was properly sustained.

Unquestionably, the testator was powerless to dispose of the exemptions, either real or personal, allowed by law to his widow, and hence his will—the muniment under which cross-complainants claim—was wholly void as an attempt to limit her estate in this homestead and in the personal property to a mere life estate.—*Bell v. Bell,* 84 Ala. 64, 4 South. 189.

Nor would the fact either that the widow actively participated in the probate of the will, or that she failed to dissent from it in writing, avoid the operation of the

statutes which vest the exempted property in her absolutely.—*Bell v. Bell,* 84 Ala. 64, 4 South. 189; *Hubbard v. Russell,* 73 Ala. 578.

With respect to personal property, it is to be observed, also, that the will exhibited gives to cross-complainants only so much of it as is not used by the widow during her lifetime; and the cross-bill shows that she used all of it, thus defeating, by the very terms of the will, the conditional remainder given to them.

For the error pointed out, the decrees of the chancery court will be reversed as to the bill of complaint, and will be affirmed as to the cross-bill; and a decree will be here rendered sustaining the sixth ground of demurrer to the amended bill of complaint as last amended.

Reversed and rendered in part, and affirmed in part.

All concur, except DOWDELL, C. J., not sitting.

