(113 So. 42)

**CROWNOVER et al. v. CROWNOVER.**

(8 Div. 896.)

Supreme Court of Alabama. March 24, 1927.

Rehearing Denied June 2, 1927.

1. **Executors and administrators** �köö 186—Widow's failure to dissent from husband's will does not cut off right to legal exemptions seasonably claimed.

Widow's failure to dissent from her husband's will precludes her from claiming dower or distributive share in his estate, but does not cut off her right to legal exemptions seasonably claimed.

2. **Homestead** �köö 145—Widow's agreement to accept husband's legacy and personalty of less than $1,000 in lieu of homestead exemption held without consideration (Code 1923, § 7922).

Widow's agreement to accept husband's legacy and personalty of less than $1,000 in lieu of anything else, including homestead exemption, *held* without consideration and nudum pactum as giving her only what she was entitled to, under Code 1923, § 7922.

3. **Homestead** �köö 145—Widow is not estopped to claim homestead exemption by claiming legacy in husband's will.

Widow is not equitably estopped from claiming homestead exemption by claiming legacy provided for in husband's will in lieu of exemptions, being entitled to legacy as well as exemption.

4. **Homestead** �köö 145—Widow's agreement to accept husband's legacy in lieu of homestead exemption held not to estop her to claim exemption in view of recital that she was informed of right to both.

Widow's agreement to accept husband's legacy and personalty in lieu of homestead exemption *held* not to estop her to claim exemption, in view of recital, "Whereas I am fully informed that I am entitled to a homestead and certain personal property in addition to the legacy."

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Bill in equity by John J. Crownover, as executor of the will of D. T. Crownover, deceased, and others, against Viola Crownover and others. From a decree for the named respondent, complainants and the other respondents appeal. Affirmed.

The original bill was filed by John J. Crownover, as executor of the last will and testament of D. T. Crownover, deceased, and others, the adult heirs and devisees of the testator, against Viola Crownover, widow, and others, the minor heirs at law, devisees, and legatees of the testator.

It is alleged that the testator died January 6, 1925, his will admitted to probate February 4, 1925, and letters testamentary issued to John J. Crownover; that on February 9, 1925, the executor filed inventory of personal property, and, same being of less value than $1,000, he entered into an agreement with the widow on February 19, 1925, whereby she was to accept the $2,000 provided in the will in lieu of dower rights and any other interest she might have in the estate; that on February 12 the executor filed petition in the probate court to sell the lands belonging to the estate for the purpose of paying the legacy of the widow and the debts and for distribution under the will; that on March 14 he obtained an order of sale, and on April 15, 1925, sold same; that the sale as to a part of the lands was confirmed, but as to other part was set aside; that on April 16 the widow filed petition in the probate court for homestead; and thereafter on petition of the executor the administration of the estate was removed to the court of equity.

It is further alleged that pursuant to the agreement of the widow all the personal property belonging to the estate of the testator was delivered to her, and that there is no personal property subject to payment of legacies or debts, and that it is necessary to sell the lands for payment of same; that the lands belonging to the estate consist of two city lots on which is situated the residence of testator, five other city lots, and certain farm lands; that the value of the residence is estimated at $4,000, which cannot be set apart as a homestead; that the lands cannot be equitably divided and a sale for distribution is necessary; that the will has been admitted to probate more than 12 months; that the widow has not dissented therefrom; that the title to the lands of testator is not involved in litigation; that the widow has elected to take the $2,000 cash provided in the will in lieu of dower, homestead, or other rights, and by reason of such election is not entitled to homestead, dower, or other rights.

It is prayed that the will be construed as to the rights of all parties; that a guardian ad litem be appointed to represent the interests of the minor heirs; that the lands be sold for the purposes indicated; and that the widow be required to accept the $2,000 provided in the will in lieu of dower, homestead, or other rights.

The will, exhibited to the original bill, is in part as follows:

"I devise and bequeath all the estate and the effects whatsoever and wheresoever, both real and personal, to which I may be entitled, or which I may have power to dispose of at my decease, unto my nine children share and share alike, after setting aside two thousand dollars for my wife which is in lieu of dower, widow's rights, and any other interest she might have in my estate if I left no will."

The agreement of the widow referred to in the bill is as follows:

"That whereas, under the last will of my deceased husband, D. T. Crownover, which has been probated in the probate court of Jackson county, Ala., there is bequeathed to me as the widow $2,000 in money which is to be paid to me by the executor as soon as the money may be realized from the sale of some property by said executor, that whereas I am fully informed that I am entitled to a homestead and certain personal property in addition to the legacy under the will, that whereas, all the household and kitchen furniture and in addition thereto all other personal property of the estate has been turned over to me, including $156.71 in cash on deposit in the American National Bank of Bridgeport, Ala., and that whereas I am to hold, use and control the homestead in Bridgeport, Ala., including the rents on that part of the. building not used by me, until the same shall have been sold by said executor, and when so sold I hereby agree to deliver the possession thereof to the purchaser. The foregoing property is all of said estate which I desire to claim and hold, the same being my property under the laws of the state of Alabama, free from the claims of any and all persons whomsoever. Being so satisfied, I hereby relinquish and release any and all claims to the said homestead unto the said John J. Crownover, executor, further than the right to the use and control of the same, as aforesaid."

The bill was amended by setting up that the widow was the second wife of the testator, whose intention was, in making his will, that said widow take only $2,000 in lieu of homestead, dower, and distributive rights, and that by electing to take the legacy provided in the will she cannot be now heard in choosing to take a homestead in addition; and that by reason of her failure or refusal to dissent from the will within 12 months after it was probated, she is now estopped from claiming a homestead and dower.

In the alternative, it is prayed that, if complainants are mistaken in the allegation that the widow is estopped to claim homestead, the homestead be sold and $2,000 of the purchase money be turned over to the executor for the purposes of purchasing a suitable home for the widow.

A guardian ad litem was appointed for the minor respondents, and said guardian filed a cross-bill seeking in the main the same relief sought by the original bill as amended.

By her answers to the original bill and cross-bill the widow admits that the homestead is of greater value than $2,000, and acquiesces in the alternative prayer for sale of the homestead or other lands and application of $2,000 of the purchase price to the purchase of a home for the widow as provided by law.

The trial court decreed that the widow was entitled to exemptions, as widow, in the personal property of the estate and to homestead exemptions in the real estate, or $2,000 of the funds received from the sale of said real estate, in addition to the legacy of $2,000 provided in the will.

From the decree the complainants and minor respondents appeal.

D. P. Wimberly, John F. Proctor, and Ernest Parks, all of Scottsboro, for appellants.

Homestead and exemption rights are personal privileges which may be waived. Chamboredon v. Fayet, 176 Ala. 218, 57 So. 845. It was not necessary that the agreement of the widow be supported by a separate consideration. 40 Cyc. 1983; Hodge v. Joy, 207 Ala. 198, 92 So. 171. The testator may so frame his will that the widow cannot have the benefits thereby given and those of the statute also. 20 Cyc. 1970; 4 A. L. R. 391. She must take under the will or renounce it. Pearson v. Darrington, 32 Ala. 240; McReynolds v. Jones, 30 Ala. 101; Ralls v. Johnson, 200 Ala. 178, 75 So. 926.

John B. Tally, of Scottsboro, and John L. Hackworth, of Bridgeport, for appellee.

The widow of a testator is not required to dissent from the will of her husband to claim the provisions the law has made for her, nor can the testator deprive her of the right by any testamentary disposition he may make of it. Hubbard v. Russell, 73 Ala. 578; Bell v. Bell, 84 Ala. 64, 4 So. 189; Chandler v. Chandler, 87 Ala. 300, 6 So. 153; Richter v. Richter, 180 Ala. 218, 60 So. 880.

ANDERSON, C. J. [1, 2] Whatever the rule may be in other states, it is well settled by the decisions of this court that, while the failure of the widow to dissent from her husband's will precludes her from claiming dower or a distributive share in her husband's estate, such failure does not cut off her right to the exemptions given her under the law when seasonably claimed. Hubbard v. Russell, 73 Ala. 578; Bell v. Bell, 84 Ala. 64, 4 So. 189; Chandler v. Chandler, 87 Ala. 303, 6 So. 153; Richter v. Richter, 180 Ala. 218, 60 So. 880. Therefore the widow in the instant case is entitled to the exemption claimed unless she has waived the same by her agreement, Exhibit B to the bill, wherein she agreed to accept the legacy and the personal property, which was less than $1,000, in lieu of anything else, including her homestead exemption. The trial court held that this agreement was without consideration and was a nudum pactum because she got only what she was entitled to as to the personal property. True, the personal property being less than $1,000, she was entitled to it and did not have to account for same upon final settlement of the estate whether solvent or insolvent. Section 7922 of the Code of 1923, which has undergone a change from what it was as section 4200 in the Code of 1907. Therefore she was entitled to hold under the law what she got under the agreement, which was without consideration.

[3] It is insisted that, while the foregoing

is sound as to the failure of the widow to dissent, she cannot take under the will, which provides a legacy in lieu of exemptions, and at the same time claim the exemption also. In other words, if she claims the legacy, she is equitably estopped from claiming the exemption. This question was expressly left open in the case of Bell v. Bell, 84 Ala. 64, 4 So. 189. But the case of Richter v. Richter, 180 Ala. 218, 60 So. 880, holds that the widow was entitled to the legacy as well as the exemption, and that the attempt to exclude the exemption was vain and of no effect.

[4] Again, we do not see how an equitable estoppel can be set up against the widow in the instant case, under the terms of the agreement, or release signed by her. It expressly says:

"That whereas I am fully informed that I am entitled to a homestead and certain personal property in addition to the legacy under the will."

She could not therefore be estopped from her exemptions upon the theory that she was getting the legacy in lieu of same, as the said agreement recites that she was informed that she was entitled to both. In other words, the parties seem to have construed the will as giving the legacy in lieu of dower or a distributive share in the estate, but not in lieu of her exemptions, and we agree to this construction. The release shows upon its face that the widow was giving up something to which she was entitled, and was not getting anything in place of same to which she was not entitled and which was properly held to be a nudum pactum by the trial court.

The decree of the circuit court is affirmed. Affirmed.

SOMERVILLE, THOMAS, and BROWN, JJ., concur.