148 So. 591

### CADE et al. v. GRAFFO et al.

6 Div. 276.

Supreme Court of Alabama.

March 16, 1933.

Rehearing Denied May 25, 1933.

Erle Pettus, of Birmingham, for appellant.

Edgar Allen and Thos. J. Judge, both of Birmingham, for appellees.

ANDERSON, Chief Justice.

This record involves two cases which were, by agreement, consolidated in the court below, and there was one general decree from which this appeal was taken.

The main issue is the ownership or title to the real estate involved, that is, whether it belongs to Henry Cade or T. J. Graffo. Henry Cade claims by descent from his mother, Mary Tibbs Cade, as her only heir and who owned the property at the time of her death in 1912. Graffo claims title through purchase from Pat Cade, the father of Henry, and who got the same under a will made in his favor by the said Mary Tibbs Cade. Henry Cade contends that, while said will was duly exe- cuted and probated after the death of his mother, within the time allowed him after becoming of age, he filed a bill to annul said will and was granted a decree; that, regardless of the will, the property involved was the homestead exemption less than $2,000 in value, and, being a minor and the only heir of his mother, he took an absolute title to the property which could not be defeated by the will to his father. Graffo contends that the cancellation of the will was the result of a fraudulent conspiracy on the court by Henry and Pat Cade for the purpose of defeating his title under the deed from Pat Cade; that the property was not less than the exemption, and, as the homestead was not set apart, the title did not vest absolutely in the said Henry Cade. If the contention of Henry Cade is sound, that the property was less than the exemption and was the homestead of his mother, he being her only heir and a minor and took the absolute title, this would be the end of this case, regardless of the validity of the will to his father or other questions presented.

Section 7926 of the Code of 1923, same as the Code of 1907 (section 4204), provides: "When any woman, a resident of this state, dies, leaving surviving her a minor child or children, there shall be exempt from admin- istration and the payment of debts, in favor of such minor child or children, such property of her estate, real and personal, as is exempt by law to the widow and minor child or chil- dren, or either, from the estate of a deceased husband or father, and such exempt property shall be set apart and appraised, and held by such minor child or children, in all respects as provided in this chapter with respect to exemptions from the estate of a deceased fa- ther, so far as such provisions are applica- ble."

When the land is the homestead of the mother, and all of the land owned by her at the time of her death, and its value does not exceed $2,000, no proceeding is necessary to have it set apart and appraised, and the title to such homestead vests absolutely in her mi- nor child or children. Quinn v. Campbell, Adm'r, 126 Ala. 280, 28 So. 676; Hall v. Hall, 171 Ala. 618, 55 So. 146; Hodges v. Hodges, 172 Ala. 11, 54 So. 618. True, as pointed out in the case of Miles v. Lee, 180 Ala. 439, 61 So. 915, this rule has been changed and modi- fied by section 4198 of the Code of 1907, sec- tion 7920 of the Code of 1923, but only to the extent that, as to the heirs, the title does not vest absolutely until the homestead is set apart, and it is judicially determined that it is all the real estate owned by the decedent, and that it is not of greater value than $2,000.

It is true that the owner of the prop- erty left a husband as well as her only child, Henry Cade, and, under section 7376 of the Code 1923, the husband shares in the estate

of his wife. This statute is a substitute for the common-law curtesy, Lake v. Russell, 180 Ala. 199, 60 So. 850, but we do not think it makes the husband an heir of the wife in the technical sense and as mentioned in section 7920 of the Code. The authorities are not in harmony as to whether a husband and wife come within the term heir, but the great weight of authority is that, under the common law, they are not. 29 C. J. p. 301, § 16. Moreover, there is an agreement in the record that Henry Cade was the "only heir" of his deceased mother.

■ It is the well-settled law of this state that homestead rights may not be affected by the testamentary disposition of the owner. Williams v. Massie, 212 Ala. 389, 102 So. 611; Edmonds v. Cogsdill, 182 Ala. 309, 62 So. 691; Richter v. Richter, 180 Ala. 218, 60 So. 880; Bell v. Bell, 84 Ala. 64, 4 So. 189; Coker v. Coker, 208 Ala. 354, 94 So. 566.

■ This brings us to the question of whether or not the lots involved were the homestead of Mary Tibbs Cade at the time of her death and were worth less than $2,000.

It appears that the real estate in question consists of three town or city lots which adjoined. The home was built on one of the lots which was first purchased, then the other two were purchased, and all three for a while were under one fence. Subsequently, the then owner erected houses on the other two lots and rented them, the evidence being in dispute as to whether each lot was entirely separated from the others, but there is testimony that there was an orchard and garden in the rear of the rented houses from which Mary Tibbs Cade gathered fruits and vegetables, and she was seen on various occasions cultivating and looking after the garden. This would indicate that, though the other two houses were rented, a portion of the lots upon which they were located was used by Mary Tibbs Cade in connection with her home. This case is quite similar to Marx v. Threet, 131 Ala. 340, 30 So. 831, 832, and Tyler v. Jewett, 82 Ala. 93, 2 So. 905, wherein it was said: "When the homestead is in a city, town, or village, the limitation in the constitution and statutes relates to the value, and not the number and extent, of the lots." It is also well settled that the renting of a part of the homestead, the owner continuing to reside on the other portion, does not operate as an abandonment of the homestead or affect its character. Clark v. Bird, 158 Ala. 278, 48 So. 359, 132 Am. St. Rep. 25; Bailey v. Dunlap, 138 Ala. 415, 35 So. 451; Metcalf v. Smith, 106 Ala. 301, 17 So. 537.

We think that the great weight of the evidence shows that at the time of the death of Mary Tibbs Cade in 1912 the value of this property did not exceed $2,000. The appellant's witnesses were well versed in real estate values and knew the property and placed it at less than $2,000, while one or two of appellee's witnesses thought it worth more than $2,000, they knew little of the property or of values. Appellee lays much stress upon the fact that shortly after the death of Mary Tibbs Cade the houses were destroyed by fire and Pat Cade collected insurance amounting to $1,350, and shortly thereafter sold the lots for $875, making a total of $2,225. This is by no means conclusive of the value and is of no great importance when taken in connection with the testimony of Pat Cade that the insurance also included the household furniture of considerable value and which was destroyed.

The circuit court erred in holding that Graffo, and not Henry Cade, was the owner of the land, and the decree is reversed, and one is here rendered awarding the said Henry Cade the land.

■ It appears that the appellee Graffo holds possession of the land in good faith and under color of title and is not liable for but one year's rent. Section 7464 of the Code of 1923. It also appears that the said Graffo, and those under whom he holds, have had adverse possession for more than three years, and that he has made valuable improvements on the land sufficient to cover all rent and a writ of possession will not be issued in favor of said Cade for one year unless he pays the value of the improvements less one year's rent.

The cost of this appeal will be taxed to the appellee Graffo, and the cost of the lower court will be equally divided between Graffo and Henry Cade.

Reversed, rendered, and remanded.

THOMAS, BROWN, and KNIGHT, JJ., concur.

### Upon Rehearing.

ANDERSON, Chief Justice.

Counsel, upon rehearing, while citing many cases from this and other states on the question of homestead, present, as leaders against our holding, Moseley v. Neville, 221 Ala. 429, 129 So. 12, and Turner v. Turner, 107 Ala. 465, 18 So. 210, 54 Am. St. Rep. 110.

As to the case of Moseley v. Neville, supra, the majority opinion turned upon the burden of proof, that is, from aught appearing, the home upon the lot in question may have been worth $2,000, and that all of them may have been worth more than $2,000. In other words, the burden of proof was upon the claimant of the exemption to establish the same by proof which was not done.

In the Turner Case, the owner had a home some distance from and disconnected with the hotel, and said hotel was neither connected with the homestead nor used in connection therewith.

Here, we have three adjoining lots upon one of which was located the home, the aggregate not being worth over $2,000, and parts of the other two lots were, in a sense, used by the owner in connection with the homestead. Therefore, merely renting a part of the homestead did not destroy the right to claim same so long as the total did not exceed the limit as to value or area as fixed by law. Clark v. Bird, 158 Ala. 278, 48 So. 359, 132 Am. St. Rep. 25, and cases there cited.

Our attention is called to the statement in the opinion that it was agreed that Henry Cade was the only heir of his mother. Upon re-examination of the record, we concede that the statement was perhaps too broad, as the agreement says the witnesses would so testify. This, however, is of little or no moment, as we do not think that Pat, the husband, was an heir of his wife within the terms of section 7920 of the Code.

We adhere to our former ruling, and the application for rehearing is overruled.

THOMAS, BROWN, and KNIGHT, JJ., concur.