12 So.2d 402

**KILLIAN v. NAPPIER.**

**7 Div. 728.**

Supreme Court of Alabama.

March 11, 1943.

! Rains & Rains, of Gadsden, for appellant.

Scott & Dawson, of Ft. Payne, for appellee.

BOULDIN, Justice.

The appeal is from a decree in equity setting aside a homestead to minor children of a decedent. The record discloses the following:

On December 8, 1930, O. H. Collins executed his will as follows:

"State of Alabama ⎱ I will all of my prop-
DeKalb County ⎰
erty to my wife, and make her executrix of my will, without bond.

"In testimony whereof I set my hand and seal this 8th day of December, 1930."

He died April 5, 1933, leaving surviving his wife, Rose Collins, and two minor children, Stanley Collins, then seven years of age, and Ross Collins, three years of age.

The will was duly admitted to probate and letters testamentary issued to Rose Collins.

At the time of his death the decedent owned and occupied a homestead consisting of ten acres, less in value than $2,000, and owned no other real estate. No appraisers were appointed nor proceedings there had setting apart the homestead to the widow and minor children, the sole next of kin of decedent.

In 1934, Mrs. Collins sold and conveyed the property as her own to Mrs. W. E. Moore, received the purchase money, $1,000, moved off the property with the children, and delivered possession to her grantee. Thus the matter stood until October 21, 1939, when the executrix filed her petition and obtained an order removing the administration of the estate into the court of equity.

On same date said Rose Collins, under her new married name, Rose Collins Nappier, filed her petition in equity as the mother and next friend of the two minor children, praying that the homestead be set apart to these children. The petition set up all the jurisdictional facts above outlined, including the fact of her prior conveyance of her interest in the property, and made no claim to a homestead for herself. By amendment July 10, 1940, it was disclosed that John Killian was then in possession of the property, claiming to own the same, and praying that he be made a party defendant and all equities be settled. Mr. Killian appeared and filed demurrers which were overruled. Mr. Killian then filed an answer setting up that O. H. Collins was not the owner of the lands at the time of his death, that the title was in his wife, Rose Collins; that on December 8, 1930, O. H. Collins had conveyed the title to his wife, who had thereafter conveyed the property, and the minor children never had any homestead right therein. This was the sole answer making the issues in the case.

The theory of the answer was that the will of O. H. Collins, above set out, and duly admitted to probate, was in fact a deed. In support of such view, evidence taken orally before the register was to the effect that the testator, at the time of making the will, told his wife he was conveying the land to her so she could sell it, and move to where she could obtain employment and make a living for herself and children, and on that assumption she made the sale and conveyance.

■ Obviously the instrument was a will, executed, witnessed and probated as such. It contained no ambiguous terms, opening the way to parol proof of the character offered. All the safeguards provided by law for the transmission of property would be broken down if a will were subject to be converted into a deed by parol evidence. Another line of evidence was to the effect that the property was sold for full value, some $230 of the proceeds being used to

132

pay off an outstanding mortgage, $500 used to purchase a new home, title being taken so far as appears in the widow, which was later sold and conveyed; and in this and other ways the children got the benefit of the proceeds of the lands left by decedent as a homestead for the children. It is here argued that a court of equity having plenary powers over the estate of infants should now ratify the private sale made by the widow.

In the first place, there was no pleading setting up such theory, nor invoking the jurisdiction of the court to the end thus argued. The court was not required to consider matters wholly outside the issues made by the pleadings.

Moreover, a homestead when set apart and vesting absolutely in the widow and minor children can only be sold by order of a court of equity for re-investment, with the consent of the widow in writing, if living. Title 7, Section 661, Code of 1940, Code of 1923, Section 7918. This section deals with title which becomes absolute on ascertainment of the insolvency of the estate.

But Section 663 (7920) provides that in all other cases when the homestead set apart vests absolutely in the widow and minor children, the provisions of Section 661 shall apply. See annotations to above sections in Code of 1940. The statutes contemplate a sale, and re-investment shall be supervised by the court. Of special concern is this when the homestead of infants is involved. This proceeding is under authority of Section 674 (7931). Further sections provide procedure in the probate court. The equity court may proceed according to its own rules.

The homestead rights of minor children are unaffected by the will of decedent. Chamboredon v. Fayet, 176 Ala. 211, 57 So. 845; Richter v. Richter, 180 Ala. 218, 60 So. 880; Edmonds v. Cogsdill, 182 Ala. 309, 62 So. 691.

There was no error in setting apart the property to the minor children as their homestead, decreeing them to be the owners of two-thirds interest in the property in fee, and their right to use and possession thereof during minority.

Affirmed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.