105 So.2d 101

**Willie Fay RIGGAN et al., pro ami,**

v.

**Betty Jane JOHNSON et al.**

**6 Div. 185, 185–A.**

Supreme Court of Alabama.

Aug. 28, 1958.

Rehearing Denied Sept. 25, 1958.

Bill Fite, Hamilton, for appellants.

Rankin Fite, Hamilton, and Fite, Wilson & Fite, Jasper, for appellees.

**GOODWYN, Justice.**

W. H. Riggan, a resident of Marion County, Alabama, died on July 6, 1956, leaving surviving him four children, viz: Willie Fay Riggan and William Alfred Riggan, minors, 19 and 18 years of age, respectively, at the time of their father's death, and Betty Jane Johnson and John Henry Riggan, both over the age of 21 years. The decedent left no widow. His divorced wife lives in Mississippi, the two minor children residing there with her.

The decedent owned at the time of his death two tracts of land in Marion County. One, consisting of about 4 acres located within the corporate limits of the town of Hamilton, was actually occupied by him as his homestead. The other, consisting of 31.1 acres located outside the corporate limits of said town about ½ mile from the 4-acre tract, was not so occupied. These two tracts constituted all the real property left by decedent in this state. The 4-acre tract was appraised at $2,500 and the 31.1-acre tract at $1,500.

The decedent left a will disposing of this property as follows: The 4-acre tract to his daughter, Betty Johnson, absolutely; and part of the 31.1-acre tract to said daughter and the other part to his son, John Riggan.

On August 10, 1956, the two minor children, by their mother as next friend, filed a bill of complaint in the circuit court of Marion County, in equity, against the other two children seeking a sale of said lands for division, it being alleged that each of the children owns an undivided ¼ interest in said lands subject to the minor children's right of occupancy during their minority. It is prayed that "a decree be rendered for the sale of the real property"; that "the homestead rights of the complainants be calculated and ascertained by the court and paid from the proceeds of said sale"; that the costs, including a reasonable solicitor's fee for complainants' solicitor, be paid out of said proceeds; that "the proceeds then remaining be divided among the complainants and defendants according to their respective interests in said lands." That suit was docketed as Case No. 4368. Later, the allegations of the original bill were amplified by amendment.

On August 21, 1956, Betty Johnson petitioned the probate court of Marion County for probate of decedent's will. The will was duly probated on September 25, 1956, and Betty Johnson was appointed as executrix. On October 11, 1956, the administration of the estate was transferred to the circuit court of Marion County, in equity, and there docketed as Case No. 4480.

On October 11, 1956, the two minor children, by their mother and next friend, filed a petition in the estate proceedings (Case No. 4480) alleging, in substance, that the two tracts of land constituted all the real estate owned by decedent at the time of his death; that said land was less in area than 160 acres and less in value than $6,000, thus not exceeding in area and value the homestead "allowed by law as exempt and title to all such real estate vests absolutely in the children (minors and adults) of said decedent", the decedent leaving no widow surviving him; and that the 4-acre tract "was occupied by said decedent as a homestead" at the time of his death. The prayer is for appointment of commissioners or appraisers "to make a complete inventory and appraisement of all the real estate" owned by the decedent at the time of his death; that, on coming in of the appraisers'

report, a decree be rendered setting apart the said real estate to the four children as their absolute property, subject to petitioners' "exclusive possession of such real property during their minority." Appraisers were duly appointed and a report made by them fixing the total value of all the real estate, at the time of decedent's death, to be $4,000 (the 4-acre tract, found to be occupied by decedent as his home, being valued at $2,500 and the 31.1-acre tract at $1,500). No exceptions were filed to the appraisers' report.

On January 23, 1957, petitioners amended their petition in Case No. 4480 by alleging that the lands cannot be equitably divided or partitioned among the four children without a sale thereof and by adding a prayer for sale of the lands for division.

The two proceedings (Nos. 4368 and 4480) were consolidated in the circuit court and tried together on an agreed statement of facts, the agreement consisting, in the main, of the facts as stated above.

The trial court, on April 23, 1957, rendered a final decree holding that Willie Fay Riggan and William Alfred Riggan, the minor children, have no right, title or interest in the 31.1-acre tract; that Betty Jane Johnson and John Henry Riggan are the sole owners of said tract and are also the sole owners of the 4-acre tract subject only to the right of Willie Fay Riggan and William Alfred Riggan to occupy it as a homestead until they reach the age of 21 years; that Betty Jane Johnson and John Henry Riggan obtained title to said lands under the will of W. H. Riggan, deceased, subject only to the right of the two minor children to occupy the 4-acre tract during their minority. This appeal is from that decree.

The question presented concerns the meaning and applicability of § 697, Tit. 7, Code 1940, as amended by Act No. 837, § 2, appvd. Sept. 19, 1953, Acts 1953, pp. 1128–1129, and whether that statute takes precedence over the devise to the two adult children under the will of their father.

Section 697, Tit. 7, as amended, supra, provides as follows:

"If no exceptions are filed and sustained to such report of the commissioners setting apart the homestead exemption, the title to the real property so set aside shall vest in the widow and minors, share and share alike, but only during the life of the widow and minority of the children. *If all the real property left by the decedent in this state does not exceed in area and value the homestead allowed by law as exempt, title to all such real property shall vest absolutely in the widow, the children (minors and adults) and the descendants of deceased children; or if there be no widow, in the children and the descendants of deceased children;* or if there be no children or descendants of deceased children, in the widow, provided that when the homestead is so vested and there are a widow and minor children the widow and minor children shall be entitled to the exclusive possession of such real property for the life of the widow and the minority of the children; *where there are both minor and adult children the minor children shall be entitled to the exclusive possession of such real property during their minority;* and where there is a widow but no minor children such widow shall be entitled to the exclusive possession of such property during her life. The homestead so vested shall not be sold for division during the life of the widow and the minority of the child or children of the decedent without the consent of the widow and the legally appointed representative of the minor child or children." [Italics supplied.]

Sections 661 and 662, Tit. 7, Code 1940, as amended by Act No. 911, § 1, appvd. Sept. 12, 1951, Acts 1951, p. 1558, provide that the area and value of the homestead allowed by law as exempt shall not exceed 160 acres in area and $6,000 in value. In

the instant case there is no question about the total area and value of the lands being less than the authorized homestead exemption.

It is insisted by appellants that the italicized portion of amended § 697, supra, clearly gives to all the children, both minors and adults, an equal interest in the property, with the title vesting in them absolutely subject only to the right of the minor children to the exclusive possession of such real property during their minority.

The position taken by appellees, as we understand it, is that the italicized portion of § 697, as amended, is actually a statute of descent which provides for the descent of real property only when there is no will disposing of it; that such statute is "subject to the right of the property owner to dispose of his property by will," and if there is a will the will takes precedence. It is true that the statute (§ 1, Tit. 16, Code 1940) providing for descent of real estate applies only to "the real estate of persons dying intestate"; and, of course, real property devised by will is not subject to that statute. If the italicized portion of amended § 697 were, in fact, a statute of descent of the same import as § 1, Tit. 16, supra, then there would be merit to appellees' insistence. But such is not the case. Amended § 697 is part of the statutory law dealing with the exemption of homesteads from administration and the payment of debts. It is a part of the legislative scheme providing for homestead exemptions and exemptions in lieu of homesteads. It is not a statute of descent in the sense that it is operative only when there is no will. We find nothing in it indicating a legislative intent to limit its applicability to cases where the husband or father dies intestate. Nor do we find any basis for so limiting it when construed in connection with other homestead exemption statutes. (See Mitchell v. Mitchell, 258 Ala. 572, 64 So. 2d 104, construing § 697, Tit. 7, as amended by Act No. 911, appvd. Sept. 12, 1951, Acts 1951, p. 1558; Parker v. Money, 258 Ala. 568, 569, 64 So.2d 108, holding that § 697, as amended in 1951 by Act No. 911, operated to vest the title upon ascertainment of existence of facts calling for absolute vesting; Young v. Seale, 266 Ala. 398, 400–402, 96 So.2d 746, for discussion of legislative purpose of the homestead exemption statute, as amended, including § 697, as amended in 1953 by Act No. 837, supra.)

In the instant case it is undisputed that the decedent father left surviving him two minor children, two adult children and no widow; and that the total valuation of all the real property was less "in area and value than homestead allowed by law as exempt." In that situation, amended § 697 provides that "title to all such real property shall vest absolutely in the * * * children (minors and adults)" subject to the minor children's "exclusive possession of such real property during their minority." In decreeing otherwise, the trial court erred.

It is the well-settled law of this state that homestead exemptions cannot be cut off by an attempted disposition by will. Although the cases so holding were decided prior to the 1953 amendment of § 697, the principle is equally applicable to that section as amended, supra. See Leonard v. Whitman, 249 Ala. 205, 209, 30 So.2d 241; Killian v. Nappier, 244 Ala. 130, 132, 12 So.2d 402; Bell v. Bell, 84 Ala. 64, 65, 4 So. 189, and other authorities cited in those cases. For a general discussion of "Homestead Rights in Alabama Protecting Widows and Children," see article of that title by Blanton, in the July 1954 issue of The Alabama Lawyer, Vol. 15, No. 3, p. 262.

The decree appealed from is due to be reversed and the cause remanded. So ordered.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, SIMPSON and COLEMAN, JJ., concur.