BEATTY, Justice.
This is an appeal by plaintiff, Bernice M. Taylor, the surviving spouse of Sarah Rebecca Hodges Taylor, deceased, from an adverse judgment in plaintiff’s action for a declaratory judgment. In that action, brought against the heirs at law and next of kin of Sarah Taylor, plaintiff sought a declaration that a certain handwritten document was not the last will and testament of said Sarah Taylor. We affirm.
The decedent executed two wills at different times. The first will was prepared for her by a lawyer and executed in his office on August 29, 1975. Because of certain similarities between the terms of this will and the later purported will of April 17, 1979, certain portions of the August 29, 1975, will are quoted below:
“ITEM I.
“I will that all of my debts and funeral expenses shall be paid by my Executor as soon after my decease as is practicable.
“ITEM II.
“I will, devise and bequeath to my beloved husband, Bernice Taylor, a life estate in and to all of my real estate, wherever situated or located; and, at his death, or in the event he should predecease, I will, devise and bequeath the remainderman’s interest in all real estate which I own, wherever situated or located, to Grey Hodges, Martha Furr, Tullis Hodges, Ledellion Cvikel and Rebecca Hodges, share and share alike; and, in the event that either Grey Hodges, Martha Furr, Tullis Hodges or Ledellion Cvikel should die prior to distribution to them of their share, then I hereby will that the share of any deceased beneficiary shall be delivered to Rebecca Hodges.
“ITEM III.
“I will, devise and bequeath all of my personal property, wherever situated or located, including the furniture and fixtures located in my home at 1314 West Main Street, Dothan, Alabama, and all clothing, pictures, silver, crystal, jewelry, china to Grey Hodges, Martha Furr, Tul-lis Hodges, Ledellion Cvikel and Rebecca Hodges, share and share alike.
“ITEM IV.
“I nominate and appoint my beloved husband, Bernice Taylor, as my Executor under this Will, with full authority to do any and all things necessary to the carrying into effect [of] the provisions of this Will, and I hereby expressly direct that he shall not be required to make any bond, or give any security in connection with the probate of this Will and this Estate, and I hereby expressly direct that he shall not be required to make any inventory, any record, or settlement to any Court or to any other person in connection with the execution of this Will and this Estate, nor make any report to any Court of his proceedings hereunder.
“In the event Bernice Taylor should predecease me, then and in that event, I nominate and appoint Grey Hodges as successor Executor under this Will, with full authority to do any and all things necessary to the carrying into effect [of] the provisions of this Will, and I hereby expressly direct that he shall not be re *914 quired to make any bond, or give any security in connection with the probate of this Will and this Estate, and I hereby expressly direct that he shall not be required to make any inventory, any record, or settlement to any Court or to any other person in connection with the execution of this Will and this Estate, nor make any report to any Court of his proceedings hereunder.”
The handwritten will, executed April 17, 1979, and which bore the signature “Sarah Rebecca Hodges Taylor” and the signatures of two witnesses, T.T. Skeen and Lucy L. Skeen, follows:
“I Sarah Rebecca Hodges Taylor being of sound mind, soul and knowledge do hereby make a Will and wishes in my own handwriting and way. I want my husband Bernice M. Taylor to have and to hold this house on 1314 West Main, Dothan, Alabama or any other home we might acquire so long as he lives, with the request that he not marry and bring the woman here to live. The house then can be sold, not rented, to the highest bidder with Bernice M. Taylor and Grey Hodges Sr., as administrators unless he, Bernice M. Taylor preceeds me. All of my unpaid debts, if any, to be paid, including funeral arrangements of my own choice.
“All of my personal belongings are to go to my family only of mother and papa. I will make a list to whom each item will go-
“The monies to be divided as follows: One-half to go to my husband Bernice M. Taylor and the other to my brother Edward Grey Hodges, Tullis F. Hodges, for bodily needs, my sister La Dellion, but in the event something should happen to her, it will go to my niece Sarah Furr; to my niece Rebecca Hodges.
“My Will will not be Probated, it is just a personal conviction of my own. If any things are added Mr. T.T. Skeen will know about it.”
By their answer made in the declaratory judgment action, the defendants joined issue on the validity of the April 17, 1979, document. An ore terms hearing was held by the trial court, after which, by agreement, deposition testimony was also introduced and considered by the court. After consideration, the court found that the April 17, 1979, document was the valid last will of Sarah Taylor. This appeal ensued.
The first issue raised by the plaintiff concerns the character of the document itself, that is, whether it is testamentary or only precatory, i.e., an entreaty, a supplication, or a request.
Whether an instrument is a will is governed by the intention of the maker as gathered from the instrument itself. Hudson v. de Laval, 382 So.2d 1124 (Ala.1980). The instrument in question is testamentary in form; indeed, its preamble describes it as a will. It is to take effect in the future, for it refers to the maker’s funeral arrangements of her “own choice.” The interests to be conveyed are not merely wishful, but posthumous. It is properly signed and was witnessed by two persons, one of whom testified to its preparation as a will, to its execution, and to the soundness of mind of the testatrix. From the face of it, this Court cannot conclude that the will of April 17, 1979, was not a will. Indeed, the trial court could conclude that it was a will, notwithstanding the language, “My will will not be probated, it is just a personal conviction of my own.” As this court observed in a similar case, Sharp v. Hall, 86 Ala. 110, 116, 5 So. 497, 500 (1888):
“Attempts — fruitless, of course — are sometimes made to dispense with administration, even in documents that are un-mistakenly testamentary.”
The presence of such language, at worst, made the document ambiguous, allowing extrinsic evidence of testamentary intent. See Killian v. Nappier, 244 Ala. 130, 12 So.2d 402 (1943); Annot., 40 A.L.R.2d 698, at § 12, p. 726. Thus, it was not error for the trial court to allow the testimony of witnesses concerning declarations of the decedent relating to the disposition of her property coinciding with the distributions provided in the document itself.
Finally, plaintiff asserts that the trial court erred in admitting into evidence the testimony of Edward Grey Hodges, Sr., *915 the brother of the decedent, over plaintiffs objection that the admission of such testimony violated the dead man’s statute, Code of 1975, § 12-21-163. That rule precludes the testimony of a witness to statements of a decedent, when the witness has a pecuniary interest in the result of the action, when his interest is opposed to the interest of the party against whom he is called to testify, and the estate of the deceased person is interested in the result of the suit.
But the rule is succinctly stated in C. Gamble, McElroy’s Alabama Evidence, § 102.01(11) (3d ed.):
“We have seen that testimony is only precluded under the dead man’s statute when it has the effect of diminishing or otherwise adversely affecting the estate of the deceased. In light of this rule, a proponent or beneficiary of a will may testify as to certain statements made by a deceased testator and such evidence is not considered violative of the dead man’s statute since the estate of the deceased would not be increased or diminished as a result of the suit, only the distribution of the estate would be involved. ...”
See also Slagle v. Halsey, 245 Ala. 198, 15 So.2d 740 (1944).
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and HOUSTON, JJ., concur.