# McDuffie, et al. v. Morrisette, et al.

## Bill for Partition.

(Decided November 20, 1913. 63 South. 542.)

1. *Descent and Distribution; Devolution of Property.*—On the death of the owner of real property, the legal title descends to his heirs at law, subject to the homestead exemptions of his widow and minor children.

2. *Homestead; What Law Governs.*—The homestead right of the widow and minor children on the death of the husband and father is determined by the law in force at the time of his death.

3. *Same; Allowance to Widow; Estate Acquired.*—The homestead set apart to the widow as provided by section 2543, Code 1886, without the ascertainment and decree of insolvency vests a life estate only in the widow, the fee passing to the heirs at law of the husband.

[McDuffie, et al. v. Morrisette, et al.]

APPEAL from Monroe. Law and Equity Court.

Heard before Hon. W. G. McCorvey.

Bill by Carrie McDuffie and others, against Wesley Morrisette and others, for the sale and partition of land. Decree for respondents and complainants appeal. Reversed and remanded.

E. P. MORRISETTE, and BARNETT & BUGG, for appellant. The law governing the homestead in 1890, at the time of Henry Morrisette's death must determine the title regardless of the date of the widow's death.—*O'Rear v. Jackson,* 124 Ala. 298. A homestead set apart under the provision of section 2543, Code 1886, without ascertainment and decree of insolvency vested a life estate only in the widow, the fee pasing to the heirs.—*Smith v. Boutwell,* 101 Ala. 373; *O'Daniel v. Gaynor,* 150 Ala. 209; *O'Rear v. Jackson,* supra.

HYBART & HARE, for appellee. The law does not require any action on the part of the exemptioner when the estate is of less value than that which is granted under the exemption, the law acting automatically in such cases.—*Alley v. Daniel,* 75 Ala. 402; *Pollak v. McNeal,* 100 Ala. 207; *Skinner v. Jennings,* 137 Ala. 297; *Jackson v. Wilson,* 117 Ala. 435; *Snell v. Roach,* 43 South. 189; *Brooks v. Johns,* 119 Ala. 412.

ANDERSON, J.—The complainants, as heirs of Henry Morrisette, deceased, file this bill for the sale and Partition of certain lands owned by said Morrisette at the time of his death, to wit, August, 1890. The bill avers that the said Morrisette was solvent and that his estate was never administered upon, and that his widow died in the year 1912, never having had the land in question set apart to her as a homestead.

The sole question presented by this appeal, under the insistence of appellants' counsel, is whether or not the widow took a life estate only to the land or a fee.

Upon the death of the owner, the legal title to his real estate descends to his heirs at law, subject, however, to the homestead exemptions of the widow and minor children. This homestead right is determined by the law in force at the time of the death of the husband.

The homestead set apart to the widow, under section 2543 of the Code of 1886, when there is no ascertainment and decree of insolvency, vests in the widow no greater estate than for her life; the fee going to the heirs at law.—*O'Rear v. Jackson,* 124 Ala. 298, 26 South. 944; *O'Daniel v. Gaynor,* 150 Ala. 205, 43 South. 205. As Henry Morrissett died in 1890, the Code of 1886 determined the estate to which the widow was entitled; and, as his estate was never declared insolvent, his said widow took only a life estate. Therefore his heirs, and not the heirs of his wife are the owners of the land, and the lower court erred in holding that the bill was without equity because filed by the heirs of Henry Morrissett instead of the heirs of his widow, and a decree is here rendered reversing the decree of the law and equity court and overruling said demurrer, and the cause is remanded.

Reversed, rendered, and remanded.

DOWDELL, C. J., and MAYFIELD and DE GRAFFENRIED, JJ., concur.