(105 So. 561)

**BRYANT et al. v. PERRYMAN et al.**
**(8 Div. 630.)**

(Supreme Court of Alabama. June 30, 1925. Rehearing Denied Oct. 22, 1925.)

**1. Homestead ⬥150(1)—Judicial determination held necessary to vest absolute title in wife and minor children as against other heirs.**

As to homestead estate of father or husband to be set aside to widow and minor children, under Code 1907, § 4198, judicial determination is necessary to vest absolute title as against other heirs.

**2. Homestead ⬥150(1)—Judicial determination held necessary to vest absolute title in minor children in estate of mother.**

As Code 1907, § 4204, expressly provides for like exemption to wife and mother as to homestead as in case of death of husband or father under section 4198, judicial determination is necessary to vest absolute title in minor children thereto as against other heirs.

**3. Homestead ⬥150(1)—Exercise of jurisdiction under statute relating to setting apart homestead dependent on fact that 60 days elapsed without administration of decedent estate.**

Setting apart homestead exemptions under Code 1907, § 4224, is dependent on fact that more than 60 days have elapsed after death of decedent, and there has been no administration of his estate.

**4. Homestead ⬥150(2)—Proceedings to set aside homestead held void, and so declared on collateral attack.**

In view of Code 1907, §§ 4198, 4204, 4224, proceedings in probate court to set aside to minor children homestead of mother of less value and area than exemption allowed to widow and minor children, which failed to show that more than 60 days had elapsed after death of decedent, and that there had been no administration of her estate, held void, and must be so declared on collateral attack.

Appeal from Circuit Court, Lauderdale County; Charles P. Almon, Judge.

Bill in equity by Emma Lee Perryman and another against G. S. Bryant and another to sell lands for division among joint owners. Decree for complainants, and respondents appeal. Affirmed.

Simpson & Simpson, of Florence, for appellants.

There was no necessity for a judicial ascertainment that the homestead was less in area and value than is allowed to be exempted as a homestead. Code 1923, § 7926; Quinn v. Campbell, 126 Ala. 280, 28 So. 676; Brooks v. Johns, 119 Ala. 412, 24 So. 345; Garland v. Bostwick, 50 La. Ann. 642, 23 So. 608; Jackson v. Wilson, 117 Ala. 432, 23 So. 521; Faircloth v. Carroll, 137 Ala. 243, 34 So. 182. Nor is it necessary that any administration be had on the estate. Code 1907, § 4198; Hodges v. Hodges, 172 Ala. 11, 54 So. 618. It was not necessary to show the lapse of 60 days without grant of administration. Gambell v. Kellum, 97 Ala. 677, 12 So. 82; Hall v. Hall, 171 Ala. 618, 55 So. 146. The decree of the probate court cannot be collaterally attacked. Berry v. Manning, 209 Ala. 587, 96 So. 762. Every reasonable intendment in construction of the petition must be in favor of the instrument. Crowder v. Doe, 193 Ala. 470, 68 So. 1005; Neville v. Kenney, 125 Ala. 149, 28 So. 452, 82 Am. St. Rep. 230; Singo v. McGehee, 160 Ala. 245, 49 So. 290; Pollard v. Hanrick, 74 Ala. 334.

A. A. Williams, of Florence, for appellees.

Where there are other heirs, title does not vest in the minors without judicial ascertainment. Code 1907, § 4198; Code 1923, § 7920. Property left by deceased mother is to be set apart in the same manner as that left by the father. Code 1907, § 4204; Code 1923, § 7926; Williams v. Massie, 212 Ala. 389, 102 So. 611. The petition in the probate court was not sufficient to give the court jurisdiction. Code 1907, § 4224; Code 1923, § 7948; Miles v. Lee, 180 Ala. 439, 61 So. 915; Hynes v. Underwood, 191 Ala. 90, 67 So. 994; Miller v. Thompson, 209 Ala. 469, 96 So. 481; Douglas v. Bishop, 201 Ala. 226, 77 So. 752.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

GARDNER, J. Bill by appellees against appellants seeking a sale of the real estate therein described, located in the city of Florence, for division among the parties to the suit as tenants in common. The respondents claimed to own the entire fee. Upon a submission of the cause for final decree on pleadings and proof the court decreed adversely to this contention and ordered the property sold for division; from which decree respondents prosecute this appeal.

At the time of her death in 1918 the property here involved was owned and occupied as a homestead by Nora Douglass, and the complainants, her children, were at that time over the age of 21 years. There were two other children, Albert E. and Sterling B. Douglass, who were minors at the time of the death of their mother, and residing with her on this homestead, which constituted all the real estate owned by the mother. These minors, upon reaching their majority, sold and conveyed this homestead to the respondents. The homestead was less in value and area than the exemption allowed to the widow and minor children, and respondents first insist that, under the provisions of section 4204, Code 1907, and in the light of the decision of Quinn v. Campbell, 126 Ala. 280, 28 So. 676, the title thereto vested absolutely in the minors without any proceedings to set aside the homestead, and, having acquired the title of the minors, they own the entire fee. The Quinn Case, supra, was prior to the adoption of the Code of 1907, and adds no weight to respondents' insistence.

[1, 2] In section 4198, Code 1907, it is provided that when the homestead set apart to the widow and minor child or children, or either, constitutes all the real estate owned in this state by decedent, the title thereto shall vest absolutely in them whether there has been administration on the estate or not; but it is further therein expressly provided that such title shall not vest absolutely in them as against the other heirs until it is so set apart and the foregoing facts judicially determined.

As to the estate of father or husband, very clearly, judicial determination is therefore necessary to vest absolute title as against the other heirs. But it is urged this provision is not applicable to the estate of a deceased mother. To this we do not agree, as section 4204, Code 1907, expressly provides for like exemption as in' the case of death of the husband or father, and that the property shall be set apart, appraised, and held by such minor child or children in all respects as provided with respect to exemptions from the estate of the deceased father, so far as such provisions are applicable. We think the legislative intent is clear that in this respect there should exist no distinction. .

By analogy the holding of this court in Williams v. Massie, 212 Ala. 389, 102 So. 611, is very much in point. We therefore conclude that, as against the other heirs, judicial determination was necessary to vest the absolute title as provided in section 4198, Code 1907.

It appears that judicial proceedings to this end were had in the probate court of Lauderdale county, being instituted by the petition of one of the minors filed in said court in May, 1918. Pursuant to this petition, appraisers were appointed and their report confirmed by the probate court.

[3] Complainants insist, and the trial court so found, that these proceedings were ineffectual and invalid for the insufficiency of the averments of the petition to give the court jurisdiction of the cause. In Miles v. Lee, 180 Ala. 439, 61 So. 915, it was noted that the statute gives the probate court jurisdiction to set apart homesteads in two instances, the one when the estate is undergoing an administration, and the other under section 4224, Code 1907, which so provides when the property left by decedent does not exceed the exemptions, and when no administration is granted upon the estate within 60 days. And in Hynes v. Underwood, 191 Ala. 90, 67 So. 994, it was held that said section 4224 could not be appealed to when there is administration of the estate, the court saying:

"The probate court has no jurisdiction to set apart a homestead under the provisions of said section when letters of administration have been granted upon an estate, and, if it does so, its decree is coram non judice and void."

It therefore follows that the exercise of jurisdiction under section 4224, Code 1907, depended upon the fact that more than 60 days had elapsed, and there had been no administration of the decedent's estate.

"It is the settled law of this state that the court of probate when it proceeds to set apart and allot homestead exercises a special and limited jurisdiction, which only attaches when a petition is filed containing the necessary allegations. * * * Its jurisdiction must appear upon the face of its record, and nothing is intended to be within its jurisdiction but that which is so expressly alleged. * * * The general rule is that if the court is of inferior or limited jurisdiction, silence of the record on a jurisdictional point is fatal; but, if the record shows jurisdiction has once attached, subsequent irregularities will not render the proceedings void." Miller v. Thompson, 209 Ala. 469, 96 So. 481.

In this last-cited authority it is also expressly held that one of the essential jurisdictional averments of a petition under section 4224, Code 1907, is "that more than 60 days had elapsed since the death of the deceased, and no administration had been granted."

[4] Applying these well-settled principles to the instant case, we are constrained to hold that the proceedings in the probate court failed to show that said court acquired

jurisdiction, and are therefore void, and must be so declared on collateral attack. The petition is silent as to the date of the death of Nora Douglass, merely giving the date of the month, but not the year. Nor does it appear in the petition that no administration had been granted on her estate; nor does the decree, if such could be consulted under the circumstances here presented (a question we do not decide), contain any reference to these matters. Upon this question the record is entirely silent. The jurisdictional averment therefore that more than 60 days had elapsed since the death of deceased, and no administration had been granted on the estate, is lacking in these proceedings, and they must be declared invalid.

Indeed, we are persuaded the above-cited case of Miller v. Thompson is decisive of this appeal, but we have more extensively treated the questions presented out of deference to the earnest and forcible argument of counsel for appellants.

We conclude therefore that the learned chancellor correctly decreed, and his decree will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and MILLER, JJ., concur.