28 So.2d 413

## WALKER v. HAYES.

### 6 Div. 500.

Supreme Court of Alabama.

Dec. 19, 1946.

G. P. Benton, of Fairfield, for appellee.

Huey, Welch & Stone, of Bessemer, for appellant.

STAKELY, Justice.

This case involves a claim of homestead rights. Hill Taylor died March 13, 1932. He was survived by his widow, Sillar Taylor. There were no children. At the time of his death Hill Taylor owned and occupied a house and lot in Bessemer, Alabama. Sillar Taylor occupied the property until September 18, 1945, when she filed a petition in the Probate Court of Jefferson County, Bessemer Division, to have the property set apart and title vested in her as a homestead. The petition contained the allegations necessary to give the court jurisdiction. The probate court issued a commission to commissioners to appraise and set aside Sillar Taylor's exemptions to her. On September 25, 1945, the commissioners filed their report setting apart the aforesaid property to Sillar Taylor as exempt to her, reporting that it was worth less than $2,000 in value and was in area less than 160 acres.

The report of the commissioners was ordered filed and the next of kin were notified of the filing of the report of the commissioners and the setting of the same for hearing on October 26, 1945. Sillar Taylor died October 9, 1945. No exceptions or objections to the report were filed and the court on October 26, 1945, entered a decree ratifying and confirming the report of the commissioners, adjudging that the property was all the property owned by decedent at the time of his death, setting it apart as exempt to Sillar Taylor, the widow of said decedent, and decreeing "the title to said property shall vest in said widow."

Thereafter Lizzie Hayes, one of the next of kin of Hill Taylor, made a motion to set aside the aforesaid decree. Rosa Walker, as Executrix of the last will and testament of Sillar Taylor, filed a motion to dismiss the motion of Lizzie Hayes. The court overruled the motion of Rosa Walker, as Executrix as aforesaid, granted the motion of Lizzie Hayes and entered a decree setting aside and annulling the decree of October 26, 1945.

Thereafter Rosa Walker, as executrix as aforesaid, filed a motion setting up the aforesaid facts and course of events, asking in effect that the property be set apart as exempt. To this motion Lizzie Hayes filed objection and exception. The court overruled the motion and entered a decree dismissing the petition for exemption to Sillar Taylor. The appeal here is from the last mentioned decree.

■ What is the effect of the death of the widow, Sillar Taylor, and more particularly what is the effect of her death, coming as it did after the commissioners' report had been made to the court? Do the heirs and legatees or the personal representative of Sillar Taylor, deceased, have any rights? For answer to these questions we must go to the statutes which were in effect at the time of the death of Hill Taylor. (Craig v. Root, 247 Ala. 479, 25 So.2d 147) and in this connection we should consider the fundamental nature of the proceedings.

■■ Homestead laws are based upon a public policy which recognizes the value of securing to the householder a home for himself and family regardless of his financial condition. The preservation of the home is of paramount importance because there the family may be sheltered and preserved. Home ownership tends to inculcate a spirit of independence which is essential to the maintenance of free institutions. 26 Am.Juris. p. 10; 40 C.J.S., Homesteads, § 2, p. 431. The statutes in this state make it clear that when a man dies, the family which he leaves behind and which has the right to protection in the homestead he leaves, is composed of the widow and minor children. § 661 et seq., Title 7, Code of 1940. It should be noted that children who have attained their majority at the time of his death, have no rights, presumably we judge because they are deemed able to care for themselves and establish homes of their own.

In Tharp et al. v. Johnson et al., 219 Ala. 537, 122 So. 668, 675, this court in speaking of the homestead rights of the widow and minor children said: "* * * Their right existed, as to the minor children only during minority * * *, and as to the widow until she abandoned the same, or, if she personally retained it, it protected her until the time of her death."

Formerly if the minor came of age without institution of proceedings to vest the fee in him, his homestead right was terminated. Buchannon v. Buchannon, 220 Ala. 72, 124 So. 113, 115. Evidently considering this situation unjust, the legislature enacted what is now § 702, Title 7, Code of 1940, as follows: "In all proceedings under this chapter to set aside, allot or decree homestead exemptions to the widow or minor children, where the title to the property so exempt or set aside vests title absolutely in the widow or minor children, one or both, the children who were infants or minors at the death of their deceased parent shall be held to take jointly with the widow and other minors or infants, if such there be, though such minors or infants be twenty-one years of age at the time the homestead is allotted, set apart, decreed or determined to vest title absolutely in the widow or minors."

It is worth noting that while this statute gives the former minor rights beyond his minority, there is no effort to confer rights so far as the widow is concerned, beyond

her lifetime. The point is that the homestead protection is for the decedent's widow and minor children and not for classes that are deemed capable of protecting themselves.

We have said that "The possessory homestead right in the widow and minors is enjoyed concurrently and successively during the life of the widow or minority of the children, or of any one of them, whichever may last terminate." Buchannon v. Buchannon, supra. In that same case it was pointed out that "Absolute title did not vest as against heirs until the homestead was duly set apart and certain named facts judicially ascertained." See T. S. Faulk & Co. v. Boutwell, 242 Ala. 526, 7 So.2d 490.

Coming directly to the provisions of the statutes, in § 663, Title 7, Code of 1940, it is expressly provided therein that " * * * The title to the homestead shall not vest absolutely in them as against the other heirs of decedent until it is so set apart and until it is judicially determined that it is all the real estate owned by the decedent, and that it is not of greater value than two thousand dollars; * * *."

In construing this statute (§ 4198, Code of 1907), this court said: "In section 4198, Code 1907, it is provided that when the homestead set apart to the widow and minor child or children, or either, constitutes all the real estate owned in this state by decedent, the title thereto shall vest absolutely in them whether there has been administration on the estate or not; but it is further therein expressly provided that such title shall not vest absolutely in them as against the other heirs until it is so set apart and the foregoing facts judicially determined." Bryant v. Perryman, 213 Ala. 561, 105 So. 561.

In § 694 and § 697, Title 7, Code of 1940, the sections which apply where no administration has been granted on the decedent's estate and 60 days have elapsed since his death (Evans et al. v. Evans, 213 Ala. 265, 104 So. 515), title vests absolutely in the widow and minor child or children or either as the case may be if no exceptions are filed and sustained to the report of the commissioners and it is

determined by the court that the property set apart by the commissioners was all the property left by decedent. Miller et al. v. First Nat'l Bank, 194 Ala. 477, 69 So. 916.

Under § 661, Title 7, Code of 1940, title to the homestead does not vest absolutely in the widow or minor child or children until it is judicially ascertained that the estate of the decedent is insolvent. McDuffie v. Morrissett, 184 Ala. 360, 63 So. 542. See Alabama Lawyer Vol. 1, p. 57.

We have referred to the various statutes in order to show the general trend of legislative intention to vest the fee in the widow and minor child or children as the case might be, only after the report of the commissioners has been made as required by the statute, and also only after there has been certain judicial determination.

In the present case the petition in referring to the real estate involved contains, among other things, the allegation "that the foregoing is all the property that said deceased owned at the time of his death * * * and there has been no administration on the estate of said Hill Taylor, deceased, and more than 60 days have elapsed since his death." Sections 694 and 697 are accordingly the applicable sections.

In the case at bar the property was set apart by the commissioners prior to the death of Sillar Taylor, but the judicial determination required by the statute had not then been made. The statutes contemplate that if the necessary judicial ascertainments have been made, title shall vest in living persons. It could not be vested in the dead. It was the living Sillar Taylor whom the statutes were designed to aid because she was all that remained of the family of Hill Taylor within the meaning of the homestead statutes. Under these statutes her heirs, legatees and personal representative are unimportant unless title became vested in her absolutely during her lifetime. Her rights were personal and did not survive her death.

But it is claimed that under § 150, Title 7, Code of 1940, the right of action begun by the widow survived to her personal representative. This section is as follows: "All actions on contracts, express or im-

plied; all personal actions, except for injuries to the reputation, survive in favor of and against the personal representatives."

However, the legislature would clearly have the right to make an exception to the statute. Ex parte Miles, Ala., 27 So.2d 777.[1] We do not think that there could be any survival because for the reasons given it was necessary for the action to be fulfilled in a decree of the court during the life of the widow or be lost.

Our recent decision in the case of Ex parte Curry, as Executor, etc. (Curry v. Callen), Ala. 27 So.2d 630,[2] is not an authority against the position here taken. In that case the complainant died after the jury had rendered its verdict and after the presiding judge had received the verdict of the jury and made an entry upon his docket showing the verdict. In that case this court held that the right of action had been successfully prosecuted and merged into a verdict on which the complainant was entitled to a decree with nothing further to be done except the clerical entry thereof. Here there was no confirmation by the court prior to the death of Sillar Taylor of the report of the commissioners and no judicial ascertainment by the court prior to the death of Sillar Taylor that the property set apart by the commissioners was all the property left by Hill Taylor, deceased.

The decree of the lower court is affirmed. Affirmed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.