96 So.2d 746

**Voncieil Davis YOUNG**

v.

**A. J. SEALE, as Guardian ad litem for Willie James Davis, a Minor.**

**I Div. 678.**

Supreme Court of Alabama.

Aug. 22, 1957.

Caffey, Gallalee & Caffey and John L. Moore, Mobile, for appellant.

A. J. Seale, Mobile, for appellee.

GOODWYN, Justice.

Appeal from decree of the probate court of Mobile County sustaining demurrer to and dismissing appellant's petition to have a homestead exemption set apart to her as "the only surviving child or grandchild" of Wille Lou Davis, also known as Willie Lou Fox, deceased. Act No. 281, § 5, appvd. Aug. 11, 1947, Gen.Acts 1947, p. 140, Code 1940, Tit. 62, § 103(61), Cumulative Pocket Part.

In substance, the petition alleges the following: That the probate court has admitted to probate the will of said decedent and has issued letters testamentary thereon to Mary Reed, which letters are still in full force and effect; that said decedent had one child, Dewitt Davis, who married Rosalee Davis in 1926; that of said marriage there was born one child, Vonciell Davis Young, the petitioner; that said Dewitt Davis died in 1938 leaving no other children; that the decedent, Willie Lou Davis, died on February 4, 1955, leaving petitioner as her "only surviving child or grandchild"; that decedent left certain real property in the City and County of Mobile (described in the petition) which "is all the real property left by the decedent in this state and does not exceed in area and value the homestead allowed by law as exempt"; that decedent, in her will, left said property to said Mary Reed, who is over the age of 21 years, and to petitioner's son, Willie James Davis, a minor under 14 years of age. The prayer is for appointment of appraisers to appraise the property and on the coming in of their report that the court "set apart said real property to your petitioner absolutely in fee simple as provided by the homestead statutes of the State of Alabama."

The guardian ad litem appointed to represent the minor demurred to the petition on the grounds that "it affirmatively appears that the decedent was not survived by a minor child or children" and that the court is "without authority to grant the relief prayed for." As noted above, the demurrer was sustained and the petition dismissed.

Although it does not affirmatively appear from the petition that petitioner, at the time of the death of her grandmother, Willie Lou Davis, was over the age of 21 years, the parties in brief speak of her as being at that time an "adult grandchild" and we will so consider her.

The specific question presented is whether a grandchild, over the age of 21 years at the time of her grandmother's death, is entitled to a homestead exemption from the grandmother's estate when the grandmother does not leave surviving her a minor child. The answer to this question calls for consideration of the following sections of Title 7, Code 1940, providing for exemptions of homesteads from administration and the payments of debts, viz.: Section 661, as amended by Act No. 911, § 1, appvd. Sept. 12, 1951, Acts 1951, p. 1558; § 663, as re-enacted and amended by Act No. 837, § 1, appvd. Sept. 19, 1953, Acts 1953, p. 1128; § 669; § 697, as amended by Act No. 837, § 2, appvd. Sept. 19, 1953, Acts 1953, pp. 1128, 1129.

The position taken by appellant is that the 1951 and 1953 amendments to the homestead exemption statutes, supra, "place adults on a par with minors so far as the vesting of title to the homestead is concerned" and "(if not already the law) placed descendants of a deceased child on a par with children of the decedent." It is further contended that under the provisions of §§ 663 and 697, as amended, supra, "the homestead vested in petitioner as the surviving grandchild of decedent."

We do not think the amended Code sections relied on by appellant sustain her position. In the first place, §§ 661 and 663, as amended, deal with the right to homestead exemption from the husband's or father's estate. Bryant v. Perryman, 213 Ala. 561, 562, 105 So. 561. Section 669, Tit. 7, supra, deals with homestead exemption from the estate of a deceased woman. Cade v. Graffo, 227 Ala. 11, 12, 148 So. 591; Williams v. Massie, 212 Ala. 389, 391, 102 So. 611; Barton v. Laundry, 202 Ala. 10, 79 So. 308; Harper v. T. N. Hayes Co., 149 Ala. 174, 179, 43 So. 360; Quinn v. Campbell, 126 Ala. 280, 282, 28 So. 676. Clearly, it seems to us, the right to homestead exemption in this case, if any, is controlled by § 669, which provides for the allowance of homestead exemption to the *"minor* child or children" out of the estate of their deceased mother. This section is as follows:

"§ 669. Exemptions to minor child or children allowed from estate of deceased mother.—When any woman, a resident of this state, dies, leaving surviving her a minor child or children, there shall be exempt from administration and the payment of debts, in favor of such minor child or children, such property of her estate, real and personal, as is exempt by law to the widow and minor child or children, or either, from the estate, of a deceased husband or father, and such exempt property shall be set apart and appraised, and held by such minor child or children, in all respects as provided in this article with respect to exemptions from the estate of a deceased father, so far as such provisions are applicable."

It is that section which establishes, in the first instance, the right to a homestead exemption from the mother's estate and that right is limited to her "minor child or children." If no minor child is left surviving there is no right to a homestead exemption under this section. No provision is there made for an exemption in favor of any other surviving heirs, either adult children or descendants of deceased children. Under this statute, when a woman dies, the family which she leaves behind and which has the right to protection in the homestead she leaves is composed of her minor children. Children who have attained their majority at the time of her death have no rights, "presumably we judge because they are deemed able to care for themselves and establish homes of their own." See Walker v. Hayes, 1946, 248 Ala. 492, 494, 28 So.2d 413, 415, where the right to homestead exemption from the husband's or father's estate was under consideration.

But, says appellant, amended §§ 663 and 697, Tit. 7, supra, have changed the meaning of § 669 so as to give her the right to homestead exemption which she claims.

Section 663 was repealed by Act No. 911, § 2, appvd. Sept. 12, 1951, Acts 1951, pp. 1558, 1563, but was reenacted in an amended form by Act No. 837, § 1, appvd. Sept. 19, 1953, Acts 1953, p. 1128. Section 697 was amended by Act No. 837, § 2. These sections, as thus reenacted and amended, were in effect at the time of Willie Lou Davis' death (Compton v. Cook, 259 Ala. 256, 259, 66 So.2d 176; Archer v. Tolleson, 257 Ala. 668, 669–670, 60 So.2d 853; Walker v. Hayes, 248 Ala. 492, 494, 28 So.2d 413, supra; Craig v. Root, 247 Ala. 479, 481, 25 So.2d 147) and provided as follows:

"§ 663. When all real estate of decedent set apart as homestead, title vests absolutely.—When the homestead set apart to the widow and minor children, or either, constitutes all the real estate owned in this state by the decedent at the time of his death, whether there be administration on the estate or not and whether the estate be solvent or insolvent, the title to such homestead vests absolutely in the widow, the children (minors and adults) and the descendants of deceased children; or if there be no widow, in the children (minors and adults) and the descendants of deceased children; and if there be no children or descendants of deceased children, in the widow. Provided that when there are children and a widow the homestead so vested shall not be sold for division during

the life of the widow and the minority of the child or children, without the consent of the widow and the legally appointed representative of the minor children. And provided further that when the homestead is so vested and there are a widow and minor children the widow and minor children shall be entitled to the exclusive possession of such real property for the life of the widow and the minority of the children; where there are both minor and adult children the minor children shall be entitled to the exclusive possession of such real property during their minority; and where there is a widow but no minor children such widow shall be entitled to the exclusive possession of such property during her life. As against creditors of decedent the title to the homestead will be presumed to be absolute until it is judicially determined that it is not all of the real estate left by the decedent, and that it is of greater value than six thousand dollars, and the homestead secured thereby shall be held and governed as in section 661 of this title."

"§ 697. Title vests in widow, etc. —If no exceptions are filed and sustained to such report of the commissioners setting apart the homestead exemption, the title to the real property so set aside shall vest in the widow and minors, share and share alike, but only during the life of the widow and minority of the children. If all the real property left by the decedent in this state does not exceed in area and value the homestead allowed by law as exempt, title to all such real property shall vest absolutely in the widow, the children (minors and adults) and the descendants of deceased children; or if there be no widow, in the children and the descendants of deceased children; or if there be no children or descendants of deceased children, in the widow, provided that when the homestead is so vested and there are a widow and minor children the widow and mi-

nor children shall be entitled to the exclusive possession of such real property for the life of the widow and the minority of the children; where there are both minor and adult children the minor children shall be entitled to the exclusive possession of such real property during their minority; and where there is a widow but no minor children such widow shall be entitled to the exclusive possession of such property during her life. The homestead so vested shall not be sold for division during the life of the widow and the minority of the child or children of the decedent without the consent of the widow and the legally appointed representative of the minor child or children."

In Bryant v. Perryman, 213 Ala. 561, 562, 105 So. 561, supra, it was recognized that § 4198, Code 1907 (§ 663, Tit. 7, Code 1940, supra), providing for the vesting of absolute title in the widow and minor children on determination that the property set apart was all the property left by decedent was applicable when a homestead exemption was allowed from the estate of a deceased mother under § 4204, Code 1907 (§ 669, Tit. 7, Code 1940, supra). The position taken by appellant is that § 663, as amended, supra, in providing for the absolute vesting of title "in the widow, the children (minors and adults) and the descendants of deceased children" operates to give to an only grandchild of a deceased grandmother, although an adult grandchild (the grandmother not leaving surviving a child or other descendants of deceased children), the absolute title to the homestead of the grandmother. In other words, amended § 663 was intended, among other things, to give to surviving adult children the right to a homestead exemption from the mother's estate even though the mother left no minor child surviving her. We are unable to agree with this.

The scheme of the homestead exemption statutes, as amended, is still to require that there be either a surviving widow

or minor child, in the case of the husband's or father's estate, and a minor child in the case of the mother's estate, in order for a homestead exemption to be set apart. It is only when there is such survivor or survivors that the adult children and descendants of children are entitled to any interest in a homestead exemption; and such interest comes into being only when the homestead set apart to the widow and minor children, or either, as the case may be, constitutes all the real estate owned in this state by the decedent at the time of his or her death. It seems to us that the legislative purpose was to place adult children on the same plane with the widow and minor children where there is an absolute vesting of title to the homestead set apart to them (subject, of course, to the life estate of the widow and the minor children's right to occupancy during their minority). We do not think it was intended by the amendments to give to adult children and descendants of children, as against the father's and mother's creditors and contrary to their express devises by will, the right to take absolute title on petition by such adults and descendants alone to have a homestead set apart to them. It does not seem to us that the amendments changed the underlying purpose of the exemption statutes as noted in Walker v. Hayes, supra. What has been done is to modify the former statutory rule for vesting of absolute title in the widow and minor children so that adult children and descendants of deceased children might also share in the decedent's estate when the homestead exemption in favor of the widow and minor children, or either, as the case may be, constitutes all of the real estate owned by the decedent in this state at the time of his or her death.

The decree appealed from is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON, SIMPSON and COLEMAN, JJ., concur.