168 So.2d 228

**Jesse SANDERS et al.**

v.

**Sylvester THIGPEN et al.**

6 Div. 62.

Supreme Court of Alabama.

Aug. 27, 1964.

Rehearing Denied Nov. 5, 1964.

Huey, Stone & Patton and McEniry, McEniry & McEniry, Bessemer, for appellants.

Ross, Ross & Ross, Bessemer, for appellees.

HARWOOD, Justice.

Margaret Sanders, an inhabitant of Jefferson County, Alabama, died on 25 May 1962. Her entire estate, real and personal, did not exceed $6,000 in value, and the real

property did not exceed 160 acres in area. Margaret Sanders was survived by seven adult children and three minor children.

The sole question presented on this review is whether the homestead of the decedent mother, being the only real estate owned by her, vests in all of her children, or only in the minor children.

The lower court entered a judgment vesting the title to the homestead in fee simple in the three minor children.

The appellants here are the adult children of Margaret Sanders. Their sole insistence on this appeal is that the judgment was erroneous in that all of the children of Margaret Sanders, both minors and adults, should share alike in the homestead exemption subject to the right of minors to occupy the premises during their minority.

Section 669, Title 7, Code of Alabama 1940, provides:

"When any woman, a resident of this state, dies, leaving surviving her a minor child or children, there shall be exempt from administration and the payment of debts, in favor of such minor child or children, such property of her estate, real and personal, as is exempt by law to the widow and minor child or children, or either, from the estate of a deceased husband or father, and such exempt property shall be set apart and appraised, and held by such minor child or children, in all respects as provided in this article with respect to exemptions from the estate of a deceased father, so far as such provisions are applicable."

Counsel for appellants contend that because Sections 663 and 697 of Title 7, have been amended so as to include adult children as well as minor children as beneficiaries in the homestead exemption permitted by those two sections, by inference Section 669, supra, must also be construed as including adult children.

We do not agree. A history of the amending Acts pertaining to our homestead exemption laws is set forth in detail in Young v. Seale, 266 Ala. 398, 96 So.2d 746, and we see no need to again detail the changes wrought by these amendments, other than to observe that certain specified sections of our Acts pertaining to homestead exemptions in favor of the widow and minor children of a *deceased husband or father* were amended.

The effect of these amendments was, (1) raise the value of the homestead exemptions from $2,000 to $6,000 and (2) enlarge the benefits theretofore accorded in the amended sections to include adult as well as minor children. "Having raised the value of the homestead exemption from $2,000 to $6,000, the legislature evidently concluded that it would be inequitable to deprive the adult children of any inheritance where the entire estate of their *father,* real and personal, did not exceed the total amount exempted by law." Mitchell v. Mitchell, 258 Ala. 572, 64 So.2d 104.

Section 669, supra, was never specified or referred to in any of these amending provisions.

We must assume that the legislature was familiar with and had knowledge of Section 669, supra, when it undertook to specifically amend the several sections dealing with the homestead exemptions pertaining to the widow and children of a deceased husband and father. The only rational inference that can be drawn from the omission by the legislature to amend Section 669 so as to include adult children is that the legislature did not intend to alter Section 669 in this aspect.

Section 669, supra, relates solely to the homestead exemption from the estate of a deceased *woman.* As stated in Young v. Seale, 266 Ala. 398, 96 So.2d 746:

"* * * No provision is there made for an exemption in favor of any other surviving heirs, either adult children or descendants of deceased children. Under this statute, when a

woman dies, the family which she leaves behind and which has the right to protection in the homestead she leaves is composed of her minor children. Children who have attained their majority at the time of her death have no rights, 'presumably we judge because they are deemed able to care for themselves and establish homes of their own.' See Walker v. Hayes, 1946, 248 Ala. 492, 494, 28 So.2d 413, 415, where the right to homestead exemption from the husband's or father's estate was under consideration."

In view of the clear and specific provisions of Section 669, supra, limiting its provisions to only minor children, the clear intent of the legislature must be given effect, and there is no room for construction. State v. Lamson & Sessions Company, 269 Ala. 610, 114 So.2d 893; Dixie Coaches v. Ransden, 238 Ala. 285. 190 So. 92.

Where a statute specifically enumerates certain things on which it is operating, the statute is to be construed as excluding from its operation all those things not expressly enumerated. State v. Lamson & Sessions Company, supra; Champion v. McLean, 266 Ala. 103, 95 So.2d 82.

Those provisions of Section 663 and 697, supra, pertaining to the vesting of the homestead in the children, minor and adult, of a deceased *father* under the conditions set forth in said sections, cannot be deemed applicable to the vesting of a deceased *mother's* homestead exemption in her minor children only, in view of the specific provisions of Section 669.

Those provisions of Section 663 and 697, supra, pertaining to the absolute vesting of such homestead exemptions are, however, controlling, in view of the provisions of Section 669 that the exemptions provided for in the article pertaining to exemptions from the estate of a deceased father apply insofar as such provisions are applicable.

The decree appealed from is due to be affirmed, and it is so ordered.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.