STEAGALL, Justice.
Appellant, James H. Rodgers, as executor of the estate of Pauline C. Rodgers, deceased, appeals from the dismissal by the Probate Court of Geneva County of the estate’s claim requesting that the homestead of Pauline C. Rodgers’s deceased husband, James Edward Hall, be set aside and that the title thereto be vested in Pauline C. Rodgers and Judy Hall Bradley, the adult child of Pauline C. Rodgers and James Edward Hall. Judy Hall Bradley filed a cross-appeal as the daughter and only heir of James Edward Hall, from the denial of her motion to dismiss the petition of Pauline C. Rodgers on the grounds that the right to claim homestead is personal and does not survive to the estate of the deceased.
James Edward Hall died intestate on July 24, 1971, survived by his wife, Pauline C. Hall (Rodgers), and his daughter Judy Hall Bradley. At his death, James E. Hall owned one parcel of real estate, located in Geneva County, which constituted his homestead and the homestead of his family. After James E. Hall’s death, but before the filing of this action, Pauline C. Hall (hereinafter Pauline C. Rodgers) married James H. Rodgers.
On December 18, 1985, Pauline C. Rodgers filed a petition in the Probate Court of Geneva County, Alabama, requesting the court to set aside the homestead of James E. Hall and to adjudge Pauline C. Rodgers and Judy Hall Bradley the absolute owners in fee simple of the aforementioned homestead, as tenants in common, and to hold that Pauline C. Rodgers, as James E. Hall’s widow, had a life estate in the one-half undivided interest that would belong to Judy Hall Bradley.
On December 19, 1985, the day following the filing of the petition, Pauline C. Rodgers died testate, leaving her entire estate to her husband, James H. Rodgers, and naming him as executor of her will. No further action had been taken on Pauline C. Rodgers’s behalf at the time of her death.
On April 24, 1986, James H. Rodgers submitted a motion to the. probate court to substitute himself as executor of Pauline C. Rodgers’s estate, as petitioner in this matter. An “order of reviver” was entered by the probate court granting Rodgers’s motion.
*548 Judy Hall Bradley (hereinafter “Bradley”) filed a motion to dismiss the petition, arguing that there was no vesting of title in Pauline C. Rodgers during her lifetime and that the right to title did not survive her death and could not be revived in the name of her personal representative.
The probate court appointed appraisers and on January 14, 1987, a report of the appraisers and commissioners was submitted to the probate court; that report found that the real estate in issue constituted all the real estate owned in the State of Alabama by the decedent and that the value of said property at the time of his death was $12,000.
On April 17, 1987, the probate court denied the petition as revived by James H. Rodgers and declared that the property previously owned by James E. Hall belonged to his daughter, Judy Hall Bradley, as his only legal heir, and awarded her full possession thereof.
On May 12, 1987, James H. Rodgers, as executor of the estate of Pauline C. Rodgers, filed a motion to alter, amend, or vacate the probate court’s order or, in the alternative, to grant a new trial. From the denial of his motion, Rodgers appeals.
Respondent Judy Hall Bradley filed a cross-appeal from the order of the probate court dated April 24, 1986, denying Bradley’s motion to dismiss and granting Rodgers’s motion to revive.
On appeal, Rodgers presents two issues for review:
1. Was he denied his constitutional rights to prosecute a civil cause and to due process of law, under sections 10 and 13 of the Constitution of Alabama of 1901, respectively, by the action of the trial judge in entering a judgment against him without giving him notice thereof or an opportunity to be heard prior to the entry of such judgment? and,
2. Did the probate court err by entering judgment against him without giving him notice thereof or an opportunity to be heard prior to the entry of such judgment?
On cross-appeal, Bradley argues one issue — can a widow’s action to have property set apart and title vested in her as a homestead survive her death and be maintained in the name of her executor?
The area of the law dealing with the homestead exemption has proved a difficult one to grasp.
“Homestead has historically been a confused and confusing area of the law, which has presented difficulties to both the bench and the bar. The most litigated aspect of homestead law has been the nature and value of the interest to be granted survivors under the Alabama Statutes.”
Mordecai v. Scott, 294 Ala. 626, 629, 320 So.2d 642, 644 (1975).
In applying the homestead law in Alabama, the law to be used is the law as it existed at the time of decedent’s death. Mordecai v. Scott, supra. In this case, the law to be applied is the law as it existed at James E. Hall’s death on July 24, 1971. When, as in this case, administration of the estate has not been granted, that law can be found in Article 3 of Title 7, § 661 et seq., Code of Alabama 1940 (Recompiled 1958), and it is procedurally governed by § 694 through § 698 of that same title. Sections 694 through 698 read as follows:
“§ 694. When the property, real or personal, owned by a decedent at the time of his death, does not exceed in amount and value the exemption allowed in favor of his widow and minor child or children, or either, and no administration is granted on his estate within sixty days after his death, the probate court of the county in which he resided at the time of his death, upon the application of the widow, or if there be no widow, or she does not act, upon the application of a suitable person who shall be appointed by the judge of probate as the next friend of such minor child or children, verified by oath and setting forth such facts, as well as the names, condition, and residence, if known, of the heirs of the decedent, other than the minor children of the decedent, must appoint two commissioners who shall make a full and *549 complete inventory and appraisement of the real or personal property, or both, of such decedent, describing the property and stating the value of each item or parcel thereof; and in estimating the value of such property, or any part thereof, if the same be held in pledge or under mortgage or other lien or incumbrance created prior to the death of the decedent, such encumbered property must be valued at only the excess of its value over and above the sum of such liens or other incumbrances. (1947, p. 41, appvd. July 17, 1947.)
“§ 695. If such property, real or personal, or both, does not exceed in amount or value the exemptions allowed in such property, the commissioners must set apart the same to the widow and minor child or children, or either, as exempt from administration; and within ten days thereafter, they shall return to the court the inventory and appraisement, with a report of their action in the premises.
“§ 696. Exceptions to such report may be filed, heard and determined as in other cases of exceptions to reports setting apart exemptions.
“§ 697. If no exceptions are filed and sustained to such report of the commissioners setting apart the homestead exemption, the title to the real property so set aside shall vest in the widow and minors, share and share alike, but only during the life of the widow and minority of the children. If all the real property left by the decedent in this state does not exceed in area and value the homestead allowed by law as exempt, title to all such real property shall vest absolutely in the widow, the children (minors and adults) and the descendants of deceased children; or if there be no widow, in the children and the descendants of deceased children; or if there be no children or descendants of deceased children, in the widow, provided that when the homestead is so vested and there are a widow and minor children the widow and minor children shall be entitled to the exclusive possession of such real property for the life of the widow and the minority of the children; where there are both minor and adult children the minor children shall be entitled to the exclusive possession of such real property during their minority; and where there is a widow but no minor children such widow shall be entitled to the exclusive possession of such property during her life. The homestead so vested shall not be sold for division during the life of the widow and the minority of the child or children of the decedent without the consent of the widow and the legally appointed representative of the minor child or children. (1947, p. 88, appvd. July 29, 1947; 1951, p. 1562, § 1, appvd. Sept. 12, 1951; 1953, p. 1129, § 2, appvd. Sept. 19, 1953.)
“§ 698. When homestead exemption has been allotted to the widow and minor child or children, or either, under any of the provisions of this article, they shall not be held to have abandoned or forfeited the same by a removal therefrom.”
James H. Rodgers argues that § 663 of Title 7, Code of Alabama 1940 (Recompiled 1958), should apply to vest title absolutely in Pauline C. Rodgers’s estate and in Bradley. Section 663 of Title 7 reads:
“When the homestead set apart to the widow and minor children, or either, constitutes all the real estate owned in this state by the decedent at the time of his death, whether there be administration on the estate or not and whether the estate be solvent or insolvent, the title to such homestead vests absolutely in the widow, the children (minors and adults) and the descendants of deceased children; or if there be no widow, in the children (minors and adults) and the descendants of deceased children; and if there be no children or descendants of deceased children, in the widow. Provided that when there are children and a widow the homestead so vested shall not be sold for division during the life of the widow and the minority of the child or children, without the consent of the widow and the legally appointed representative of the minor children. And provided further that when the homestead is so vested and there are a widow and minor *550 children the widow and minor children shall be entitled to the exclusive possession of such real property for the life of the widow and the minority of the children; where there are both minor and adult children the minor children shall be entitled to the exclusive possession of such real property during their minority; and where there is a widow but no minor children such widow shall be entitled to the exclusive possession of such property during her life. As against creditors of decedent the title to the homestead will be presumed to be absolute until it is judicially determined that it is not all of the real estate left by the decedent, and that it is of greater value than six thousand dollars, and the homestead secured thereby shall be held and governed as in section 661 of this title. (1953, p. 1128, § 1, appvd. Sept. 19, 1953.)”
This section, however, works to vest title in the widow, children (minors and adults), and descendants of deceased children absolutely only after the homestead has been set apart by a proceeding in a court of proper jurisdiction. “If there is a widow, or minor child, or children, the exemption provision takes effect, and it operates in favor of those capable of taking at the time of the death of decedent. The setting apart of the property vested title specifically.” Wiggins v. Mertins, 111 Ala. 164, 169, 20 So. 356 (1895). Here, the Probate Court of Geneva County was a court with proper jurisdiction to set apart the homestead of the deceased. However, where, as here, the setting apart of the homestead did not occur before the death of the widow, the right to claim the exemption was lost. The case of Walker v. Hayes, 248 Ala. 492, 28 So.2d 413 (1946), addresses this very issue. In addressing this issue, the court stated:
“In the case at bar the property was set apart by the commissioners prior to the death of Sillar Taylor, but the judicial determination required by the statute had not been made. The statutes contemplate that if the necessary judicial ascertainments have been made, title shall vest in living persons. It could not be vested in the dead. It was the living Sillar Taylor whom the statutes were designed to aid because she was all that remained of the family of Hill Taylor within the meaning of the homestead statutes. Under these statutes her heirs, legatees and personal representative are unimportant unless title became vested in her absolutely during her lifetime. Her rights were personal and did not survive her death.
“But it is claimed that under § 150, Title 7, Code of 1940, the right of action begun by the widow survived to her personal representative. This section is as follows: ‘All actions on contracts, express or implied; all personal actions, except for injuries to the reputation, survive in favor of and against the personal representatives.’
“However, the legislature would clearly have the right to make an exception to the statute. Ex parte Miles, Ala. [248 Ala. 386], 27 So.2d 777. We do not think that there could be any survival because for the reasons given it was necessary for the action to be fulfilled in a decree of the court during the life of the widow or be lost.
“Our recent decision in the case of Ex parte Curry, as Executor, etc. (Curry v. Callen), Ala. [248 Ala. 384], 27 So.2d 630, is not an authority against the position here taken. In that case the complainant died after the jury had rendered its verdict and after the presiding judge had received the verdict of the jury and made an entry upon his docket showing the verdict. In that case this court held that the right of action had been successfully prosecuted and merged into a verdict on which the complainant was entitled to a decree with nothing further to be done except the clerical entry thereof. Here there was no confirmation by the court prior to the death of Sillar Taylor of the report of the commissioners and no judicial ascertainment by the court prior to the death of Sillar Taylor that the property set apart by the commissioners was all the property left by Hill Taylor, deceased.”
Walker v. Hayes, supra, 248 Ala. at 495-96, 28 So.2d at 416-17.
*551 Here, although the land in question did, in fact, exceed $6000, in violation of the § 661 exemption requirement, the land could have vested absolutely pursuant to § 663 had the homestead been set apart by the probate court and the necessary judicial ascertainments been made before Pauline C. Rodgers’s death.
Where, as here, the only action taken by Pauline C. Rodgers before her death was the filing of a petition to have the homestead set aside and title vested in her, as the widow of James E. Hall, and in Judy Hall Bradley, as the adult child of Pauline C. Rodgers and James E. Hall, and where no further action was taken by a court with proper jurisdiction, the action, being personal to the decedent, did not survive her death and was due to be dismissed by the probate court.
Under these specific facts, we hold that the probate court erred in granting James H. Rodgers’s motion to revive. However, the judgment of the probate court vesting title in Judy Hall Bradley as James E. Hall’s only living heir and awarding her full possession of the property was correct and is due to be affirmed.
Due to the foregoing, we pretermit any discussion of appellant James H. Rodgers’s allegations of error.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.